[Decided January 27, 1887.]

## J. EMMONS SMITH *v.* S. C. WINGARD.

1. REAL ACTION — UNDER CODE — EJECTMENT. — While the primary object of the Code of Washington Territory, chapter 46, is to determine the question of title, that question is to arise in litigation about the *possession* of land. The action contemplated in that chapter is the common-law action of ejectment, with the added incident of determining in the action the paramount legal or equitable title, and with the departure, of permitting the action to be brought against one not in possession, but who claims title to or interest in the land.

3w291
10  360
13* 717
38*1127
3wt291
24  277
3wt291
f25  571
25  572
3wt291
129  113
29  203
29  649

2. SAME — EQUITY — DEMURRER — COMPLAINT. — Where the complaint in an action contains facts which would be insufficient if the action be viewed as one of ejectment under the Code of Washington Territory, chapter 46, but which make a perfect and complete case for a court of equity, an order of the court below overruling a demurrer to the complaint will be sustained on appeal, even though the parties and counsel both insist that the action is one at law.

APPEAL from the District Court holding terms at Tacoma. Second District.

The complaint of Samuel C. Wingard alleged, in substance, the issuance of a patent by the United States to one John Swan, on a day prior to October 12, 1872, to a tract of land embracing the premises in controversy, also the subsequent sale and conveyance by Swan, then and there the owner in fee of the same, of a part of the premses in question, to one M. S. Drew, on the twelfth day of October, 1872, and a subsequent sale and conveyance of the same at the same date, by Drew and wife to Wingard, and also the sale and conveyance on the same day of the residue of the patented tract, by Swan to Wingard, who thus claimed ownership in fee to the entire tract as patented, under the sales and conveyances above set forth. The complaint further alleged that the defendant Smith claimed an interest in the land as the owner in fee of an undivided half, under a pretended paper writing, which said defendant wrongfully claimed to be a quitclaim deed from the patentee Swan for such half-interest in the land, which instrument was recorded in the deed records of the county in which the land was situate; and that defendant wrongfully claimed ownership of a half-interest in the land, to plaintiff's injury, thereby impairing the value of the land, and preventing plaintiff from selling the same for its value; and that there was no tenant in possession of the land except plaintiff, as above stated. Plaintiff prayed judgment against defendant, " that he is the owner of the land and every part thereof, and entitled to the possession of the

same as against the wrongful claim of the defendant."
Defendant demurred, and his demurrer was sustained,
but this ruling was afterwards vacated, and upon reargu-
ment, the demurrer was overruled. Defendant answered,
and plaintiff replied. The cause was tried by jury as an
action at law, and judgment rendered for the plaintiff,
from which the defendant appealed. Numerous errors
were assigned, but the record as taken to the Supreme
Court presented no other question except the sufficiency
of the facts stated in the complaint to constitute a cause
of action.

*Mr. John P. Judson,* for the Appellant.

Plaintiff alleges that he is the owner of the land, that
he is in possession of the land, and that he is entitled to
the possession. The injury against which he seeks re-
lief here is, "that the defendant wrongfully claims to
have some title to said property, or some interest therein,
to wit, that he is the owner in fee-simple of the undi-
vided half part of said property." The Code provides
that "upon the trial of the cause, if the jury find for
plaintiff, their verdict shall be as follows: If the verdict
be for the plaintiff, that he is entitled to the possession
of the property described in the complaint." (Code,
sec. 540.) Also, that "the plaintiff shall only be en-
titled to recover damages for withholding the property
for the term of six years," etc. (Code, sec. 540.) The
above sections provide the only relief to which plaintiff
would be entitled to in case he was successful. Does he
require the aid of a court to give him possession? No;
for he says he is in possession. Does he require the aid
of the court to recover damages for withholding the prop-
erty from him? No; no one has withheld the property
from him, for he himself is in possession. Then having
the title, and being in possession, no court and no jury
could award either to him, for he has both. And if the
court could not aid him, it is against the policy of the

law to take up the time of the court with his imaginary
wrongs. The plaintiff wages this action under section
536 of the Code, which provides: "Any person having a
valid subsisting interest in real property, and a right to
the possession thereof, may recover the same, by action
in District Court." A person having a subsisting inter-
est in real property, and a right to the possession thereof,
*may recover the same.* May recover what? The land, —
the possession? Can he recover it where there has been
no ouster? Can he recover the possession when he is in
possession? Can a man recover what he himself pos-
sesses? The word "recover" has a meaning, and in
construing statutes, courts must respect that meaning.
But has plaintiff the possession? He says he has; and
upon this demurrer, his statement, so made, must be
taken as true. (Bliss on Code Pleadings, sec. 418.)
This action cannot be maintained under our Code,
where the complaint shows that there has been no
ouster. (1 Chitty's Pleadings, p. 191.) In New York,
the legislature has made provisions for trying title in
this form of action, in cases where a party out of posses-
sion claims an interest in the property; but our legisla-
ture has been content to leave the party in possession,
where another claims some interest in the land, to his
remedy to remove a cloud from his title, or his action
for damages for slander of title.

*Mr. C. H. Hanford,* and *Mr. Elwood Evans,* and *Mr.
George Fuller,* for the Appellee.

Any person having a valid subsisting interest in real
property in this territory, and a right to the possession
thereof, may *recover the same* (that is, the property) by
action. Such right of action is expressly given by the
statutes, and the proceeding is essentially different from
the common-law action of ejectment. The primary ob-
ject of such an action is, not to recover possession, but
to determine all questions that may exist as to the title

of the property. In other words, the *title* to the property, which is the principal matter, and not the mere *possession*, which is but an incident of title, is by the statute made the principal subject of the action. Therefore the right of action does not depend upon possession or the want of possession in the plaintiff. (Code, secs. 536, 538 –540, 543, 549; *Teal* v. *Collins*, 9 Or. 91; *Banyer* v. *Empie*, 5 Hill, 48; *Goldsmith* v. *Gilliland*, 22 Fed. Rep. 865; *Harvey* v. *Tyler*, 2 Wall. 328; *Holland* v. *Challen*, 110 U. S. 25; *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405.) The facts alleged in the complaint also clearly entitle the defendant in error to maintain the action under the provisions of section 551 of the Code.

Mr. Justice TURNER delivered the opinion of the court.

The appellee was in possession of a certain tract of land in Pierce County, in this territory, and claimed to be the owner of the same in fee-simple. He commenced suit in the proper court of said county against the appellant, and in his complaint averred in detail the following general facts, namely: his title, his possession of the land, the existence of a quitclaim deed to the land made by a former owner to the appellant, the record of said deed, and a claim by appellant of title to the land thereunder. In his prayer for relief he asks judgment that " plaintiff is the owner in fee-simple of the said sixty-four acres of land, and every part thereof, and entitled to the possession thereof, and for the recovery of said land as against the wrongful claim of said defendant," etc.

It was assumed by both sides in the lower court that the action was one at law, brought under chapter 46 of the Code, and the case was conducted to judgment on that theory. The facts were determined by a jury. Counsel for the parties in this court appear to be still of the same mind, and have insisted strenuously that the case is one at law, notwithstanding an intimation to the con-

trary thrown out by the court in determining a motion preliminary to the hearing. In view of this, we should not mar the pleasing concord of the parties but for the fact that it is essential to pass on the real nature of the action in determining the only question which remains in the case. That question arises on the action of the court below overruling the demurrer to the complaint.

Appellant assumes that the action is one which can be brought under chapter 46 of the Code only, and contends that the complaint is fatally defective because it shows that this plaintiff is in possession of the property. We agree with the view that an action cannot be maintained under that chapter by one in possession of real property against another to determine and decide title. Almost every section of the chapter bears internal evidence of the correctness of that view. The more energetic are the following: Section 536, which declares who may bring the action, and what the plaintiff may recover, namely, "Any person having a valid and subsisting interest in real property, and a right to the possession thereof, may recover the same," etc. Why couple the title and the right to possession if the former alone was to be deemed sufficient to authorize suit? Why give the plaintiff the right to recover the possession of that which he already possesses? Section 537, which makes the provision usual in such statutes, for suing the tenant in possession, and afterwards substituting the landlord, thus showing that the right to recover possession is an important purpose of the action. Section 538, which requires that "the property be described with such certainty as to enable the possession thereof to be delivered if a recovery be had." Section 540, which prescribes two forms of verdict in the action to be used accordingly as the jury find for the plaintiff or defendant; in both of which the right of plaintiff to possession is passed on, while in neither of the forms is the right of the defendant to possession found. Section 541, which provides

for damages to plaintiff for withholding the property, while nowhere is there any provision allowing damages to the defendant should he recover. Section 549, which provides that the judgment rendered "shall be conclusive as to the estate in such property and the right to the possession thereof." Section 550, which provides what shall be done if the plaintiff shall have taken possession of the property and the judgment be afterwards set aside. The appellee bases his view of this chapter mainly on the last clause of section 536, which provides that if there be no tenant in possession of the land, the action shall be brought "against the person claiming the title or some interest therein." But it in no way proves or tends to prove that the action may be brought by one in possession to prove that it may be brought against one out of possession. And this is an answer to the case in 2 Wall. 328, and other cases called to our attention, in which it has been decided, under similar statutes, that the action may be maintained against one not in possession. It may be correct to say that the primary object of the chapter is not to recover possession, but to determine the question of title to the property. Such, in effect, was the language of the Supreme Court of the United States, with reference to the statute of Virginia, in deciding the case in 2 Wall. 328. In that case, however, the plaintiff was not in possession, and the sole question which the court had in mind was the propriety of making one not in possession a party defendant.

It is contrary to the course of the common law to permit litigation about an abstraction. The judgment of courts of common law are usually something more than mere declarations of rights, and it is a distinguishing feature of such judgments that they are capable of enforcement by execution in some form. This is not to say that the legislature cannot enlarge the subject-matter over which such courts take jurisdiction and their methods of pro-

cedure, but it is a valid consideration to bear in mind
when determining whether the legislature has actually
done so.

While the primary object of the law as we find it in
this chapter is to determine the question of title to the
land, that question is to arise, we think, in litigation
about the possession of the land.    The action therein
contemplated is the common-law action of ejectment,
with the added incident of determining in the action
the paramount, legal, or equitable title, and with the de-
parture of permitting the action to be brought against
one not in possession, but who claims title to or interest
in the land.

Its chief virtue is, that it makes the determination of
title *res adjudicata.*    The same result was obtained at
common law by the action of trespass to try title, as it
was called.    It follows that this complaint would be in-
sufficient if it were to be measured by chapter 46 of the
Code alone.    The facts averred, however, whatever the
view of the plaintiff or his counsel in bringing the suit,
make a perfect and complete case for a court of equity
under chapter 47, section 551, of the Code.    The last sub-
division of section 551, omitting parenthetical clauses,
reads as follows: "Any person in possession, by himself
or his tenant, of real property, and any private or mu-
nicipal corporation in possession by itself or tenant of
any real property, . . . . may maintain a civil action
against any person or persons, corporations or associa-
tions, claiming an interest in said real property, or any
part thereof, or any right thereto adverse to him, them,
or it, for the purpose of determining such claim, estate,
or interest," etc.    It is unnecessary to argue that the
rights here created and the jurisdiction here conferred
are strictly equitable in character.    It has been so held
by the Supreme Court of the United States in several
similar cases.    (*Holland* v. *Challen,* 110 U. S. 25; *Rey-
nolds* v. *Crawfordsville Bank,* 112 U. S. 405.)    The com-

plaint, therefore, states a good cause of action, and the demurrer was properly overruled. The appellant has not contended that he was injured by the course pursued in the trial of the case below. He could not well do so, as he contended both there and here that such was the only proper course.

There being no error in the record, the judgment of the lower court is affirmed.

GREENE, C. J., and LANGFORD, J., concurred.