[No. 13016. In Bank. — July 31, 1889.]

## R. P. THOMAS ET AL., PETITIONERS, *v.* JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PROHIBITION — DOES NOT ISSUE WHERE COURT HAS JURISDICTION. — The writ of prohibition cannot issue to prevent a court from trying an action which it has jurisdiction to try.

JUSTICE'S COURT — JURISDICTION — PENALTY GIVEN BY STATUTE. — The justice's court has jurisdiction of an action to recover a penalty under three hundred dollars, given by statute. And a penalty of two hundred dollars claimed for the issuing of a certificate of relief without authority from the insurance commissioner is such a penalty.

APPLICATION for a writ of prohibition. The facts are stated in the opinion.

*C. E. K. Royce,* for Petitioners.

*Attorney-General Johnson,* and *T. C. Coogan,* for Respondent.

HAYNE, C. — This is an application for a writ of prohibition to the justice's court of San Francisco, to prohibit it from proceeding with the trial of an action now pending before it. The action was brought to recover the sum of *two hundred dollars* for a forfeiture alleged to have accrued by reason of the issuance of a certificate of relief without having obtained a certificate of authority from the insurance commissioner of the state, as prescribed by section 596 of the Political Code. The question which counsel have argued is, whether such certificate of authority is required from an organization like the one here. But we think it clear that the justice's court has jurisdiction of the action. The constitution provides that the legislature shall "fix by law the powers, duties, and responsibilities of justices of the peace, provided such powers shall not in any case trench upon the jurisdiction of the several courts of record," etc. (Art. 6, sec. 11.) The Code of Civil Procedure provides that

justices' courts shall have jurisdiction "in actions for a fine, penalty, or forfeiture not amounting to three hundred dollars, *given by statute,* or the ordinance of an incorporated city and county, city or town, where no issue is raised by the answer involving the legality of any tax, impost, assessment, toll, or *municipal fine.*" (Code Civ. Proc., sec. 112, subd. 4.) From this it will be perceived that the justices' courts have jurisdiction of all penalties "given by statute" which are under three hundred dollars, whether the legality of the penalty is involved or not; but that in case of "*municipal* fines" they have no jurisdiction if the legality is denied by the answer. This is a case of a penalty or forfeiture "given by statute," and is not a "municipal fine," or a tax, impost, toll, or assessment within the meaning of section 5 of article vi. of the constitution. Consequently, the jurisdiction does not trench upon that of the superior courts. The question, therefore, which the counsel present is one which may be determined by the justice's court, and prohibition cannot issue.

We therefore advise that the proceedings be dismissed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, writ is denied and the proceedings dismissed.