WARREN et ux. v. OREGON & WASHINGTON REALTY CO. et al.

(Circuit Court, W. D. Washington, W. D. September 21, 1907.)

No. 1,220.

QUIETING TITLE—JURISDICTION OF FEDERAL COURT—STATUTORY RIGHT OF ACTION.

Under Ballinger's Ann. Codes & St. § 5500, which gives any person having the title to and right of possession of real estate, though out of possession, the right to sue to recover the same against an adverse claimant, and to obtain a decree quieting his title, the legal owner of unoccupied land may sue in equity in a federal court having jurisdiction to quiet his title against an adverse claim, though under the code procedure of the state the action would be one at law; there being no adequate remedy at law available to him in the federal court.

In Equity. Suit to quiet title to unoccupied real estate. Heard on demurrer to an amended bill of complaint. Overruled.

Flaskett & McMenamin, for plaintiffs.
Titlow & Huffer, for Oregon & Washington Realty Company.

HANFORD, District Judge. In the original bill of complaint it was averred that the complainants are in possession of the real estate, which is the subject of this suit, but under a stipulation allowing an amendment they have changed their position, and now claim that they have a good title to the property, and a right to the possession thereof, and that it is unoccupied. To the bill as amended the defendants have demurred, on the ground that the facts stated are insufficient to entitle the complainants to any relief in equity.

Without the enlargement of the rights of owners of real estate to protection from mere slander of title, by modern legislation, a bill to quiet title could not be maintained by a complainant out of possession. This suit, however, is authorized by a statute of this state, which reads as follows:

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title; and in all actions, under this section, to quiet or remove a cloud from the title to real property, if the defendant be absent or a nonresident of this state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, service may be made upon such defendant by publication of summons as provided by law; and the court may appoint a trustee for such absent or nonresident defendant, to make or cancel any deed or conveyance of whatsoever nature, or do any other act to carry into effect the judgment or the decree of the court." Section 5500, Ballinger's Ann. Codes & St.; section 1142, Pierce's Code.

The averments of the amended bill bring the case fairly within the letter and intent of this statute. The argument supporting the demurrer is that the chapter of the Code governing actions to recover real estate, including this section, was construed by the Supreme Court of Washington Territory, in the case of Smith v. Wingard, 3 Wash. T. 291, 13 Pac. 717, so as to restrict its application to actions of ejectment. Special stress is laid upon the following paragraph in the opinion in that case:

"While the primary object of the law as we find it in this chapter is to determine the question of title to the land, that question is to arise, we think, in litigation about the possession of the land. The action therein contemplated is the common-law action of ejectment, with the added incident of determining in the action the paramount, legal, or equitable title, and with the departure of permitting the action to be brought against one not in possession, but who claims title to or interest in the land."

A close examination of that decision, however, shows that the Supreme Court of Washington Territory was not required to express its opinion upon any question affecting the right of an owner of real property not in possession, to maintain a suit in equity against a party asserting an adverse claim to the same property, nor to construe the chapter of the Code above referred to. The case had been tried as an action at law in the District Court upon issues joined, and resulted in a verdict and judgment for the plaintiff. His victory was won on technical defects in a quitclaim deed which was the elder of two deeds from the same grantor, there being no proof of superior equitable rights on either side. The decision of the trial court holding

Smith's deed to be a void instrument was not reviewed by the Supreme Court, as the case was submitted without a record of the trial, and the only point presented was on an exception to the ruling of the lower court upon a demurrer to the complaint. In his complaint the plaintiff alleged that he was in possession of the property, and it was decided by the Supreme Court that his allegations were sufficient to entitle him to equitable relief. That decision was based entirely upon a statute different from the chapter of the Code referred to in the above excerpt from the opinion. While the case was being heard in the Supreme Court, indulgence of the judicial habit of interrupting arguments by propounding questions to counsel elicited the information that the attorneys on both sides believed that, as only legal rights were contested, the case had been properly tried as an action at law, and it seems that the court was unable to resist the temptation to make a facetious comment on what in the opinion is styled "the pleasing concord of the parties." This bit of levity led to the deliverance of the extraordinary dictum, construing a statute, which did not have any bearing upon the question decided. The Legislature appears to have been dissatisfied with the statute, as it was construed in the case of Smith v. Wingard, and therefore, by an amendment, amplified its provisions so as to leave no room for a possible doubt as to the right to maintain a suit in equity to quiet title to unoccupied land. The chapter of the Code including the section quoted is comprehensive. To qualify a plaintiff to sue, it is only necessary for him to show that he has a valid subsisting interest in real property and a right to the possession thereof. A party asserting an adverse claim to real property may be sued whether there is a tenant in possession or not, even though he may be a nonresident, and without a representative upon whom a summons can be served within the jurisdiction, and in the action every question affecting the legal or equitable rights of the parties may be adjudicated, and ample power is conferred upon the courts to enforce judgments and decrees by every instrumentality used in chancery, as well as in courts of law. There is no restriction of the right to litigate on account of the possession or lack of possession of either party.

In the federal courts equitable remedies cannot be applied in an action at law, and litigants are excluded from the equity courts if they have an adequate remedy at law. Therefore, for the maintenance of a suit in equity in a United States Circuit Court, to establish a title to real estate against adverse claimants, it is necessary to show a right that is menaced, and that adequate protection of the right cannot be afforded by the same court in any proceeding on its law side. I hold this to be an accurate statement of the rule applicable to this case, and that it would be an unwarranted deprivation of the right to submit a controversy to a federal court for adjudication, to deny that right merely because the same case would be cognizable in a court of the state having concurrent jurisdiction where it would be classed as an action at law. Having in view the procedure in this forum, I hold that there is no adequate remedy at law for an owner of property who is hampered in the use thereof by unfounded claims creating doubts and uncertainty as to the validity of his title, when there is no actual

adverse possession. The legal possession is incidental to the legal title. Therefore the holder of the legal title, having a present right to possession of unoccupied real estate, is presumed to have legal possession, which is equivalent to actual possession, for the purpose of maintaining a suit to protect his rights as owner. Having no cause to complain of deprivation of possession as a fact, an action at law to recover possession would necessarily have no other basis than a transparent fiction, a thing intended to be abolished by the code procedure. Courts of equity can deal with the real facts when there is a controversy affecting the title to unoccupied real estate, since the statutes have removed the arbitrary rules which formerly curtailed their powers. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52.

Demurrer overruled.