## UNITED STATES v. FEDERAL INS. CO.

(Circuit Court of Appeals. Sixth Circuit. November 11, 1922.)

No. 3691.

**Customs duties ☜130—Forfeiture provisions of customs laws not applicable to importation of liquor illegal under Prohibition Act.**

The penalties provided by Rev. St. § 3062 (Comp. St. § 5764), including forfeiture of a vehicle used, have no application to importation into the United States of intoxicating liquors in violation of National Prohibition Act, prior to the passage of the supplemental act of November 23, 1921, but apply to importations prior to that date only when the requirements of that act have been fully complied with and the duty has not been paid.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Libel by the United States against one Hudson touring car. On petition of intervention of the Federal Insurance Company, claimant. Judgment for claimant, and plaintiff brings error. Affirmed.

For opinion below, see 274 Fed. 473.

Earl J. Davis, U. S. Atty., of Detroit, Mich.

Kerr & Lacy, of Detroit, Mich., for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. A libel was filed in the District Court by the United States asking that a forfeiture of a Hudson automobile touring car (Michigan license 261,502) be declared on the ground that it was used in importing into this country certain whisky, clandestinely and secretly concealed therein, without payment of the custom duty thereon to the United States, and without an entry thereof being made at the United States Custom House, with intent to defraud the United States. This offense was committed prior to the passage of the supplemental act of November 23, 1921.

The automobile was owned by J. J. Handke of Detroit, Mich., and was stolen from him on the night of August 31, 1920. Immediately after he discovered that his car had been stolen, Handke reported the theft to the complaint department at the Central Police Station in Detroit. Prior to this theft the Federal Insurance Company had issued a policy of insurance to Handke protecting him against the loss of this automobile by fire and theft. On the 5th day of November, 1920, this company, in compliance with the terms of its contract of insurance, paid to Handke $1,050, and thereupon Handke assigned to it all his right, title, and interest in and to said automobile. The Federal Insurance Company then filed an intervening petition in this proceeding, setting up its title by assignment from Handke to the automobile described in the libel. The record discloses that no evidence was offered upon the trial of this case other than the written transfer of assignment by Handke of his interest in this automobile to the insurance

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

company and the affidavit of Handke in support of the facts heretofore stated.

It is admitted, however, in the brief of counsel for the plaintiff in error, that a prosecution was instituted against Handke for a violation of the provisions of the National Prohibition Act (41 Stat. 305); but upon failure of the grand jury to indict he was discharged, and thereupon this libel proceeding was brought under the customs law, for the reason that the District Court for the Eastern District of Michigan had theretofore held that there could be no forfeiture of property used in the unlawful transportation of liquor under the National Prohibition Act unless the owner thereof had been convicted of an offense against that law.

The trial court entered a judgment dismissing the libel and ordered and directed that the car be returned to the intervening petitioner, the Federal Insurance Company.

This record presents the question whether sections 923 and 3062 of the Revised Statutes of the United States (Comp. St. §§ 1549, 5764) have been repealed by implication by the National Prohibition Act, in so far as they relate to the unlawful importation of intoxicating liquors.

Section 3062, R. S., provides among other things that every vehicle carrying merchandise subject to duty, imported into the United States in violation of the revenue laws, shall be subject to seizure and forfeiture. Section 923, R. S., provides the method of procedure to enforce such forfeiture.

While the provisions of section 3062, R. S., are comprehensive enough to include intoxicating liquor, nevertheless the National Prohibition Act relates specifically to intoxicating liquors and absolutely prohibits its importation into the United States for beverage purposes or for any other purpose unless a permit is first obtained, regardless of whether the duty is paid or not paid thereon. That act also provides specific penalties for the violation of any of its provisions, including the seizure and forfeiture of the liquor imported and the vehicle or other property used in importing and transporting the same.

The secret and clandestine importation of intoxicating liquor into the United States, as charged in the libel, is an offense under the National Prohibition Act, whether committed by the owner of the automobile or by some other person who has stolen it and used it for that purpose.

It also appears that the trial court determined this case upon the assumption that the intoxicating liquor was being imported for beverage purposes, and we take it that this proceeding to review is brought for the purpose of securing a construction of these revenue statutes in reference to the importation of intoxicating liquor in violation of the National Prohibition Act, at least no claim is made either in brief or oral argument that the importation of the liquor in question was made in conformity to the provisions of that act.

The penalties provided by section 3062, R. S., have no application to importation into the United States, prior to the passage of the supplemental act of November 23, 1921, of intoxicating liquors in violation of the provisions of the National Prohibition Act, but apply to importa-

tions prior to that date only when the requirements of the National Prohibition Act have been fully complied with and the duty has not been paid. United States v. Yuginovich et al., 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043; Lewis v. United States (C. C. A.) 280 Fed. 5.

The judgment of the District Court is affirmed.