## COURT OF APPEALS.

### May 29, 1923.

## THE PEOPLE v. THREE BARRELS FULL, ETC.

(236 N. Y. 175.)

INTOXICATING LIQUORS—PROCEEDING UNDER SECTION 802-B OF CODE OF CRIMINAL PROCEDURE TO DECLARE FORFEITED CERTAIN INTOXICATING LIQUORS ALLEGED TO BE KEPT FOR UNLAWFUL TRAFFIC—LIQUORS RETURNED TO OWNER—IMPROPER AWARD OF COSTS TO OWNER.

The proceeding under the statute (Code Crim. Proc., § 802-b) for seizure and forfeiture of intoxicating liquor kept for unlawful traffic is a proceeding *in rem*, not against the owner or possessor, but against the thing itself, which is treated as the real offender. The section of

the Code of Criminal Procedure which creates the remedy and defines it is a section of part VI, entitled "Special Proceedings of a Criminal Nature," and costs are not awarded in actions or proceedings conducted under the Criminal Code. Even in actions or proceedings, strictly civil, costs owe their origin to statute and do not exist without it. The statute which creates the remedy and proceeding in question does not give the right to costs in terms and the right does not exist by implication. A peace officer seized intoxicating liquors held, as he charged, in violation of law. At the close of the proceedings and hearing prescribed in the statute (Code Crim. Proc., § 802-b) it was determined in favor of the owner of the liquors, the charge dismissed and costs awarded against the People of the State. This was error.

People v. Three Barrels Full, etc., 203 App. Div. 577, reversed.

(Submitted May 7, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the First Judicial Department, entered December 7, 1922, unanimously affirming a judgment entered upon an order of the court at a Trial Term dismissing the above-entitled proceeding.

*Carl Sherman, Attorney General* (*Robert P. Beyer,* of counsel), for appellant. Costs awarded in favor of claimants in proceedings involving the seizure of liquors should be paid for by the county in which the proceedings are pending. (People v. Diamond, 233 N. Y. 130; People v. Hodnett, 81 Hun, 137, 146 N. Y. 378; People v. Alden, 112 N. Y. 117; People v. Tanner, 14 N. Y. Supp. 334; People v. Smith, 20 N. Y. Supp. 332; Cassidy v. McFarland, 139 N. Y. 201; Matter of City of Utica, 73 Hun, 256; Matter of Carnegie Trust Co., 206 N. Y. 360; Matter of Niederstein, 154 App. Div. 238.)

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien* and *Charles J. Driehan,* of counsel), for county of New York, respondent. An action or proceeding instituted by the People pursuant to chapter 156, Laws of 1921, is not one brought " for the benefit of a county " within the meaning of section

1496 of the Civil Practice Act, and, therefore, costs cannot be awarded against the county. (People ex rel. Fargo v. Rosendale, 76 Hun, 112, 142 N. Y. 670; People v. Hodnet, 81 Hun, 137, 146 N. Y. 378; People ex rel. Fallon v. Wright, 150 N. Y. 444; Matter of Ryan, 228 N. Y. 16.)

*Charles Novello,* for Paolo Russato, respondent.

CARDOZO, J.:

The controversy before us has to do with an award of costs.

A peace officer of the city of New York seized intoxicating liquors, held, as he charged, in violation of law. He made return of his proceedings in accordance with the statute to a judge who was authorized to issue a warrant (Code Crim. Proc., § 802-b, subd. 6). Thereupon demand for the return of the property was made by the owner, one Russato, who served an answer denying the legality of the seizure. " If such answer is interposed, the issue thus framed shall be deemed an action pending in the court of the judge or justice who issued the warrant, between the People of the State of New York and the liquor so seized and may be entitled in the name of the said State and against the liquor so seized, adding for identification the name of the person or persons interposing such answer and claiming or defending the liquor so seized, and shall be tried in said court as other issues of fact are tried therein." (Code Crim. Proc., § 802-b, subd. 2.) Upon the determination of the issue in favor of the claimant, the liquors are to be returned. Upon its determination in favor of the People, the liquors are to be destroyed, or, in the discretion of the judge, may be sold for restricted purposes, in which event the proceeds of the sale are to be " paid over and accounted for to the treasurer of the county." (Code Crim. Proc., § 802-b.) In this case, the issue was determined in favor of the claimant. The charge was dismissed, and costs were awarded against the People of the State. A controversy

ensued between the State and the county, each insisting by its representative that the burden of the costs should be borne by the other.     The Appellate Division, concurring with the trial judge, held in favor of the county.   · The case comes to this court after the allowance of an appeal.

We find it unnecessary to choose between the contention of the State and that of its civil subdivision.   Our judgment is that costs are not chargeable against either of them.     The proceeding is *in rem,* not against the owner or possessor, but against the thing itself, which is treated as the real offender. (People v. Diamond, 233 N. Y. 130, 135; Goldsmith-Grant Co. v. U. S., 254 U. S. 505.)   The section of the Code of Criminal Procedure which creates the remedy and defines it is a section of part VI, entitled " Special Proceedings of a Criminal Nature."   Costs are not awarded in actions or proceedings conducted under the Criminal Code.   (People ex rel. N. Y. Society, etc., v. Gilmore, 88 N. Y. 626.)   Even in actions or proceedings strictly civil, they owe their origin to statute, and do not exist without it.   (Cassidy v. McFarland, 139 N. Y. 201, 208.)   This statute does not give the right to costs in terms.   We see no reason to believe that the right · exists by implication.   A special proceeding of a criminal nature (Code Crim. Proc., § 950), initiated by the issue of a warrant, or by search and seizure, ripens, upon the service of an answer, into something which is to be tried after the manner of a civil action.   (Lilienthal's Tobacco v. U. S., 97 U. S. 237, 267; U. S. v. Regan, 232 U. S. 37.)   The trial over, it is ·to the Criminal Code that we must look to ascertain the nature of the relief and the provisions of the judgment.     Looking there (Code Crim. Proc., § 802-b), we find minute directions as to what the judgment shall contain.   We find nothing to the effect that it shall embody an award of costs.   The owner would not have been chargeable with costs if he had lost.   He may not charge them on his adversaries now that he has won.

The judgment of the Appellate Division and that of the Trial Term should be reversed.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed.