[S. F. No. 10720. In Bank.—November 6, 1923.]

TRAFFIC TRUCK SALES CO. OF CALIFORNIA (a Corporation), et al., Petitioners, v. THE JUSTICE'S COURT OF THE TOWNSHIP OF RED BLUFF, COUNTY OF TEHAMA, STATE OF CALIFORNIA, et al., Respondents.

[1] Prohibition—Nature of—When Lies.—It is only where the inferior tribunal is about to do some act unauthorized by law that a writ of prohibition will be issued to prevent it, the writ being preventive, rather than a corrective remedy, and issuing only to restrain the commission of a future act, and not to undo an act already performed.

[2] ID.—MINISTERIAL ACTS.—Acts ministerial in their nature, and in no sense judicial, cannot be reached by prohibition.

[3] ID. — WRIT OF REVIEW — WHEN CONSIDERED.—In a proceeding in prohibition, where the petition, the answer and the agreed statement bring before the court the complete record in the case, in so far as relates to the point involved and the facts relevant to the questions presented for consideration, the case will be considered as one arising on a writ of review and such relief will be given as the record warrants.

[4] JUSTICE'S COURT — JURISDICTION — FORFEITURE OF AUTOMOBILE — VIOLATION OF WRIGHT ACT.—The justice's court has not jurisdiction to enter judgment of forfeiture and order of sale of an automobile of more than three hundred dollars in value alleged to have been used in illegal transportation of intoxicating liquor in violation of the Wright Act.

[5] FORFEITURE—TIME—TITLE—DECREE.—When a forfeiture of property is made absolute by statute the forfeiture must be deemed to attach at the moment the offense is committed, and the title then vests in the state, the decree of condemnation relating back to the date of the offense.

[6] ID. — NATURE OF PROCEEDING — EQUITY. — The proceeding for a declaration of forfeiture and for an order of sale, in such cases, is one *in rem,* not against the owner or possessor of the property, but against the property itself, which is treated as the real offender; and such a proceeding is of equitable cognizance.

APPLICATION for Writ of Prohibition to restrain sale of an automobile alleged to have been used in illegal transportation of liquor. Judgment annulled.

The facts are stated in the opinion of the court.

Cooley & Crowley for Petitioners.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Fred C. Pugh, District Attorney, for Respondents.

WASTE, J.—The parties are here on an order to show cause why a writ of prohibition should not be granted restraining the respondents from selling an automobile alleged to have been illegally used in transporting intoxicating liquor. The petitioner, Traffic Truck Sales Co. of California, on or about the first day of March, 1923, delivered to Joseph Mussio an automobile truck under the terms of a

conditional sales agreement, wherein and whereby title to the truck was reserved in the vendor until it should be fully paid for. The sales company assigned the contract to R. A. Crandall Company, the other petitioner, as security for payment of the notes given in consideration for the truck.

Mussio placed the automobile truck in the custody of John Anselmino, who was apprehended on April 6, 1923, in the county of Tehama, by the constable of Corning Township, while using it in the unlawful transportation of intoxicating liquor. At the time of his arrest Anselmino was personally in charge of the truck and the liquor, both of which were seized by the arresting officer. A complaint was filed in the justice's court of Red Bluff Township, charging him with possessing and with transporting intoxicating liquor in violation of the Wright Act, and he was arrested on a warrant duly issued. The automobile was placed in a garage in the city of Corning, and there held by order of respondent Ballard, as sheriff of the county of Tehama. Anselmino was tried by a jury in the justice's court presided over by the respondent Lennon as justice of the peace, and was found guilty upon each count. On May 15th he was sentenced by the justice of the peace to pay a fine of $250 for each offense, with the alternative of imprisonment unless the fines were satisfied. As part of the judgment it was ordered that the wine in the possession of Anselmino at the time of his arrest be destroyed, and that the truck be forfeited and sold by the respondent sheriff, "after giving notice as provided by law." The justice of the peace signed and filed a notice of seizure of unclaimed autotruck, and the sheriff proceeded to advertise and sell the same. The notice of seizure and order of sale, together with a notice of sale, were published in full in the "Red Bluff Daily News" and the "Corning Observer," two newspapers of general circulation printed and published in Red Bluff and in Corning. The same matter was printed in the form of handbills, which were posted in three public places near the place of seizure, one of them being at the garage where the truck was held by the sheriff. The notice stated that the truck would be sold on the fourth day of June, 1923, at 10 o'clock, at the garage in Corning, at public auction, to the highest bidder for cash. The sheriff also gave notice of the sale by posting as in cases of sale under execution.

The automobile truck, when seized, was worth $1,900, and there was unpaid $1,254 on the purchase price. The rights of Mussio under the conditional sales contract had been terminated because of default in payment. At all times the defendant Anselmino disclaimed ownership in the property, and it is recited in the judgment, and is stipulated here, that no claimant of the truck appeared or made any claim of ownership or interest therein at or prior to the time of pronouncing judgment. On or about the twenty-second day of May, 1923, petitioner Traffic Truck Sales Co. for the first time learned of the order of confiscation and contemplated sale of its property. On June 1st petitioners filed in the court of the respondent justice of the peace a petition, claiming ownership of the truck, and praying for its release and delivery. The petition was denied upon the ground that the court had no further jurisdiction in the matter after having made the order of forfeiture and sale. Application to this court for a writ of prohibition to prevent the sale of the truck was then made. The prayer of the petition is that the respondent justice's court and the justice thereof be prohibited from treating the automobile truck as confiscated, and from depriving petitioners of their property without due process of law, and that the respondent sheriff be restrained from selling the truck and from all further proceedings in the matter.

In support of this application it is the contention of the petitioners, first, that the justice's court of Red Bluff Township had no jurisdiction in the premises, and, second, that assuming it did have jurisdiction to order the confiscation and sale of the truck, it had continuing jurisdiction, and it was its duty to hear and determine the plea of petitioners in seeking its release. Certain general constitutional objections are also urged. Whether a writ of prohibition, which only arrests judicial proceedings without or in excess of jurisdiction (Code Civ. Proc., sec. 1102), should issue on the facts in this case seems very doubtful. **[1]** It is only where the inferior tribunal is about to do some act unauthorized by law that the writ will lie. It is a preventive, rather than a corrective, remedy, and issues only to restrain the commission of a future act and not to undo an act already performed. (*Hevren* v. *Reed,* 126 Cal. 219, 222 [58 Pac. 536]; *Hull* v. *Superior Court,* 63 Cal. 179; *Have-*

*meyer* v. *Superior Court,* 84 Cal. 327, 394 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121].) **[2]** Acts simply ministerial in their nature, and in no sense judicial, cannot be reached by prohibition. (*Taylor* v. *Board of Election Commrs.,* 54 Cal. 404, 406.) **[3]** It is not necessary, however, to make close application of the foregoing well-established rules of procedure, for the record presents a sufficient case for consideration as one arising on a writ of review. The petition, the answer, and an agreed statement bring here the complete record in the case in so far as relates to the point involved and the facts relevant to the questions presented for consideration. Under these circumstances, there is no reason why the court should not give such relief as the record so presented will warrant. (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228 [207 Pac. 903].)

**[4]** The sole question propounded upon this application is whether or not the respondent justice's court rightly assumed to itself jurisdiction to enter judgment of forfeiture and order of sale of the automobile truck belonging to the petitioners. The penal provisions of the national prohibition act, frequently designated as the Volstead Act (41 U. S. Stats. at Large, c. 85, p. 305), were enacted into the law of this state by the act of the legislature known as the Wright Act, approved by referendum at the election held November 7, 1922. (Stats. 1921, p. 79; *In re Burke,* 190 Cal. 326 [212 Pac. 193].) One of the acts prohibited by the eighteenth amendment to the federal constitution and by section 3 of title II of the Volstead Act, and prohibited and declared unlawful by section 2 of the Wright Act, is the illegal transportation of intoxicating liquor. The national prohibition act provides specific penalties for the violation of any of its provisions, including the seizure and forfeiture of the liquor being transported and the vehicle or other property used in transporting it. (*United States* v. *Federal Ins. Co.* (C. C. A.), 284 Fed. 821, 822.) It is provided (sec. 26) that whenever intoxicating liquor, illegally transported, shall be seized by an officer, he shall take possession of the automobile in which such liquor was being transported, and upon conviction of the person arrested, the court, unless good cause be shown by the owner, shall order a sale at public auction of the property seized, including the vehicle used in transportation, and the application of the proceeds

of the sale in the manner provided in the section. The procedure to be followed in such cases is fully set out, and it was followed exactly by the respondents in this case.

By section 1 of the Wright Act the courts of this state are vested with the jurisdiction to enforce the penalties of the Volstead Act, but no procedure is outlined or adopted, and no directions are given as to how these penalties are to be enforced. If the respondent justice's court had jurisdiction to enforce this particular penalty, the procedure followed in advancing to a sale of the automobile would, no doubt, have been effective. It is provided in section 187 of the Code of Civil Procedure that "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." This provision is merely declaratory of the common law. (*Golden Gate etc. Min. Co.* v. *Superior Court*, 65 Cal. 187, 192 [3 Pac. 628].) When the law as written provides none, it is permissible to adopt any suitable procedure which will achieve the desired result. (*Nathan* v. *Porter*, 36 Cal. App. 356–359 [172 Pac. 170].) But there must be some constitutional or statutory jurisdiction to make section 187 applicable. (*Tulare Co.* v. *Kings Co.*, 117 Cal. 195–202 [49 Pac. 8].)

In this case the justice's court of Red Bluff Township did not have jurisdiction over the subject matter of the proceeding. It is, of course, elementary that the federal courts have exclusive jurisdiction of offenses committed under the national prohibition act. Jurisdiction to enforce the Wright Act must be found in the constitution or statutes of this state, and the procedure in such actions must be determined by the state law. (*In re Brambini, ante,* p. 19 [218 Pac. 569].) No statute, other than the Wright Act, having been passed purporting to give jurisdiction to the courts of this state over the penalties provided by the federal prohibition act, and no special proceedings for the enforcement of such penalties and forfeitures having been adopted, as has been the case in other states, we are com-

pelled to resort to the general provisions concerning the jurisdiction of courts over such matters. If the proceeding be regarded solely a legal action for a penalty or forfeiture given by statute, the respondent court could not entertain the proceeding, for its jurisdiction in such matters is limited to actions in which such penalty or forfeiture does not amount to $300. (Code Civ. Proc., sec. 112; *Thomas* v. *Justice's Court,* 80 Cal. 40 [22 Pac. 80].) The admitted value of the automobile involved here was $1,900. If the proceeding be regarded as one in equity, the respondent court was without lawful right to assume judicial authority, for, under the constitution, equitable jurisdiction cannot be conferred by statute upon a justice's court. (*Young* v. *Wright,* 52 Cal. 407, 410.) If the relief sought is analogous in form to the relief granted in courts of equity, then it is a case in equity within the meaning of the constitution. (*People* v. *Mier,* 24 Cal. 61, 66.)

[5] When a forfeiture of property is made absolute by statute the forfeiture must be deemed to attach at the moment the offense is committed. (*Gelston* v. *Hoyt,* 16 U. S. (3 Wheat.) 311 [4 L. Ed. 381, see, also, Rose's U. S. Notes); *United States* v. *Bags of Coffee,* 12 U. S. (8 Cranch) 398, 405 [3 L. Ed. 602]; *Kriess* v. *Faron,* 118 Cal. 142, 146 [50 Pac. 388]; *Upham* v. *Hosking,* 62 Cal. 250, 257.) The adjudicated cases establish the rule beyond all doubt that the forfeiture becomes absolute on the commission of the prohibited acts, and that the title from that moment vests in the state. (*Henderson's Distilled Spirits,* 81 U. S. (14 Wall.) 44, 57 [20 L. Ed. 815].) In case a prosecution of the offender ensues, and a decree of condemnation follows in a court of competent jurisdiction, the decree relates back to the date of the wrongful acts alleged and proved at the trial or in the hearing of the cause. (*Henderson's Distilled Spirits, supra.*) But the law requires proceedings to be instituted for the purpose of ascertaining the facts of the forfeiture (*Wessels* v. *Beeman,* 87 Mich. 481, 490 [49 N. W. 483]), and the inchoate title of the state to the goods forfeited is not fully consummated until after judicial condemnation has been had. (*Caldwell* v. *United States,* 49 U. S. (8 How.) 366, 381 [12 L. Ed. 1115]; *Tracey* v. *Corse,* 58 N. Y. 143, 149.)

[6] The proceeding for a declaration of forfeiture and for an order of sale, in such cases, is one *in rem*, not against the owner or possessor of the property, but against the property itself, which is treated as the real offender. (*People* v. *Three Barrels Full et al.*, 236 N. Y. 175 [140 N. E. 234]; *Goldsmith, Jr.-Grant Co.* v. *United States*, 254 U. S. 505, 511 [65 L. Ed. 376, 41 Sup. Ct. Rep. 189]; *Gelston* v. *Hoyt, supra*.) The object of the proceeding is to declare a forfeiture. In other words, it is one to foreclose the rights of all persons who may claim adversely to the state, and to procure a sale of the property under an order or decree of court, which is in the nature of a decree to enforce a lien. Of necessity, the form of the decree and nature of the relief sought is such as under the old system obtained only in the court of chancery. It would appear, therefore, to be indisputably a proceeding of equitable cognizance, jurisdiction to entertain which is lodged in the superior court. (*People* v. *Mier, supra*.)

We are led to the conclusion, therefore, that in the instant case the respondent justice's court was without jurisdiction. The purpose of a writ of review has been accomplished by the stipulation of facts filed here. The parties have expressed a desire for a determination of the present controversy on this hearing on the order to show cause.

The judgment of the justice's court in declaring the automobile forfeited and ordering a sale is therefore annulled and set aside.

Lawlor, J., Kerrigan, J., Lennon, J., Seawell, J., Wilbur, C. J., and Myers, J., concurred.