## UNITED STATES v. ONE MACK AUTO TRUCK.

(Circuit Court of Appeals, Second Circuit. January 5, 1925.)

No. 122.

**Customs duties 🄮130—Forfeiture provisions of customs laws not applicable to liquor imported in violation of Prohibition Act, prior to Supplemental Act.**

Rev. St. § 3062 (Comp. St. § 5764), authorizing forfeiture of vehicles carrying merchandise unlawfully imported, has no application to importation of intoxicating liquors, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), prior to enactment of Supplemental Act Nov. 23, 1921.

In Error to the District Court of the United States for the Southern District of New York; Julian W. Mack, Judge.

Libel by the United States against one Mack auto truck; David Oshinsky, claimant. To review a judgment dismissing the libel, the United States brings error. Affirmed.

William Hayward, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Kevie Frankel, of New York City (Jerome C. Jackson, of New York City, of counsel), for defendant in error.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge. The libel set up three counts against the claimant's motor truck, which had been arrested while carrying two barrels and a crate of whisky, illegally imported into the United States. All were laid under section 3062 of the Revised Statutes (Comp. St. § 5764), which condemns a vehicle that carries merchandise so imported. The first count was because the whisky had not been manifested on the vessel which imported it (Rev. St. § 2809 [Comp. St. § 5506]); the second, because it was imported in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the third, because it had been unladen without a permit (Rev. St. § 2872 [Comp. St. § 5563]).

On the trial it appeared that the claimant, who was a licensed truckman in New York City, hired one Croce as the driver of his truck. On April 26, 1921, as Croce, with a load of imported potatoes and onions for one Opalinsky, was leaving the wharf, certain persons asked leave of him to put upon the truck the whisky in question to be delivered at a saloon. He consented, the whisky was put on, and shortly afterwards he and the truck were arrested.

The trial was conducted on the theory that Rev. St. § 3062, applied to this situation. The District Judge charged the jury that the claimant was in fact a common carrier, and that as such, under Rev. St. § 3063 (Comp. St. § 5765), the truck was not forfeit unless Croce was privy to the illegal importation. He further charged that the plaintiff had the burden of proving Croce's complicity. On this charge the claimant had a verdict.

The plaintiff objects that the jury should have decided whether the claimant was a common carrier, and that, once the United States showed reasonable cause for the arrest, the burden of proof shifted to the claimant. The evidence on the issue of common carriage was that the claimant had his office in Opalinsky's shop, for whom he did most of his trucking; on the other hand, that he did it only at the same standard rates which he charged such other customers as he had and that there were a few of these. These facts were proved by the claimant himself, his son, and Opalinsky's manager.

My brothers think that the case was properly tried on the theory at that time adopted, and would be contented to affirm it, without more; but we all agree that at the time in question Rev. St. § 3062, was not in force. This we think follows from United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, although the sections there involved were quite different from that at bar. We are, indeed, quite willing to rest our decision upon United States v. Federal Insurance Co., 284 F. 821 (C. C. A. 6), Lewis v. U. S. 280 F. 5 (C. C. A. 6), and McDowell v. U. S., 286 F. 521 (C. C. A. 9). The last two cases, it is true, involved Rev. St. § 3450, which is the corresponding section

for internal revenue evasions; but the reasoning strikes us as entirely applicable here, and was so thought by the Circuit Court of Appeals for the Sixth Circuit when Rev. St. § 3062, came before it in U. S. v. Federal Insurance Co., supra.

The argument, adapted from U. S. v. Yuginovich, supra, is that, when Congress passed section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), it provided milder penalties for unlawfully transporting liquors than Rev. St. § 3062, which forfeits the vehicle regardless of the owner's complicity, and without relief to innocent lienors, as does also Rev. St. § 3450 (Comp. St. § 6352). Goldsmith v. U. S., 254 U. S. 505, 41 S. Ct. 189, 63 L. Ed. 376. It is true that the section was ancillary to the collection of customs, as were Rev. St. §§ 2809 and 2872, and that section 26 of the National Prohibition Act cannot therefore be said to be in pari materia. Nevertheless, the same act— i. e., the carriage of unlawfully imported liquors—is within each statute, and, though each comprehends much more, we understand that within the area of their overlap the later and more lenient provision prevails. So the Circuit Courts of Appeal for the Sixth and Ninth Circuits thought, and so we think.

That there might be cases in which section 3062 covered the carriage of liquors and section 26 did not, as suggested in U. S. v. Federal Insurance Co., supra, we are quite ready to admit. They must have been before November 21, 1921, and it is only before that time that the question could in any event arise. U. S. v. Stofoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. The whole matter has long since become obsolete. The judgment is affirmed.