STATE, Appellant, vs. PETERSON, Respondent.

*January 10—February 4, 1930.*

For the appellant there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

For the respondent there was a brief by *Sanborn, Blake & Aberg* and *Glenn H. Bell,* all of Madison, and oral argument by *Mr. Bell.*

OWEN, J.   The complaint alleges that on the 4th day of March, 1926, the defendant won an automobile as a lottery prize and that he sold the same for $750; that under the statutes of this state prohibiting lotteries said automobile was forfeited to the State, and judgment is demanded against the defendant for $750, the amount for which he sold the said automobile.   A demurrer to the complaint was sustained because it was held that the State could recover the

automobile only and not the proceeds arising from its conversion. The correctness of that holding is the sole question presented for our consideration.

The statutes of this state have effectually outlawed lotteries by penalizing any person who shall set up or permit any lottery or aid therein, or who shall knowingly permit the setting up of a lottery in any building owned or occupied by him, or permit the sale of any lottery ticket therein, or who shall offer for sale any lottery ticket, or advertise any lottery ticket for sale, as well as other enumerated activities incident to the conducting of a lottery. Secs. 348.01 to 348.05, inclusive. By sec. 348.06 it is provided that "All sums of money and every other valuable thing drawn or received by any person as a prize or share or part of a prize derived in, by or through any lottery or pretended lottery, contrary to the provisions of the preceding sections of this chapter, shall be forfeited to this state and may be recovered by any proper action brought by the attorney general or any district attorney in the name and behalf of the state."

Under these statutes the defendant never acquired any title to this automobile. The title was immediately vested in the State upon its receipt by the defendant as a lottery prize. It is the universal rule that whenever "a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act. The right to the property then vests in the United States (State), although their (its) title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith." *U. S. v. Stowell*, 133 U. S. 1, 16, 17, 10 Sup. Ct.

244. See, also, *U. S. v. Grundy,* 3 Cranch, 337; *McConathy v. Deck,* 34 Colo. 461, 83 Pac. 135; 4 L. R. A. N. S. 358; 7 Am. & Eng. Ann. Cas. 896; and note in 7 Am. & Eng. Ann. Cas. 899. It would seem to follow upon fundamental principles that when the defendant sold the automobile he converted the same to his own use and thereby became indebted to the State in the sum of at least $750, which is the recovery sought in this action.

It is claimed by the defendant, however, that the State has no action against him for the recovery of the proceeds received from a sale of the automobile, but that the sole remedy of the State is against the automobile itself. Cases are cited to our attention in which it is declared that proceedings to enforce forfeitures are proceedings *in rem* against the property forfeited. It is true that proceedings to enforce forfeitures are generally of that character, but this does not spring from any inherent or constitutional necessity. So far as we have been able to ascertain, such proceedings are indicated by either the punitive or procedural statutes under which they are prosecuted, which provide that seizure constitutes the act culminating the forfeiture. It is believed that this element will be found in every statute enacted by Congress providing for a forfeiture. That the character of the procedure for the enforcement of a forfeiture depends upon the statute under which the forfeiture is sought to be enforced will appear from a consideration of *U. S. v. Stowell,* 133 U. S. 1, 10 Sup. Ct. 244; *Goldsmith-Grant Co. v. U. S.* 254 U. S. 105, 41 Sup. Ct. 189; *U. S. v. Grundy,* 3 Cranch, 337; *U. S. v. Loomis,* 297 Fed. 359; *People v. Three Barrels Full,* 236 N. Y. 175, 140 N. E. 234; *Traffic Truck Sales Co. v. Justice's Court,* 192 Cal. 377, 220 Pac. 306.

In *U. S. v. Loomis,* 297 Fed. 359, we find the statement that "forfeiture can only be declared when the thing sought to be forfeited was lawfully taken into possession." As a general proposition that statement is entirely too broad, and

its correctness must depend upon limitations upon legislative power with which we are not familiar. The statute can declare a forfeiture and pass the title to the property to the State. Upon the question of whether the act upon which the forfeiture is predicated has been committed, the owner is entitled to due process of law, and before his title can be extinguished it must be judicially determined that the act or event giving rise to the forfeiture occurred. Whether the action in which that fact is to be determined shall be an action *in rem* or *in personam* is clearly a matter of legislative discretion.

In the instant case the statute which declares the forfeiture simply provides that the prize "shall be forfeited to this state and may be recovered by any proper action brought by the attorney general or any district attorney in the name or in behalf of the state." It is urged by the respondent that the only thing that can be recovered under this statute is the prize itself, and that as the statute imposes a forfeiture it should be strictly construed. It is a general principle well recognized that a penal statute is to be strictly construed against the State. There is another principle of statutory construction, however, of equal force and potency, that statutes shall be construed so as to carry out the legislative intent. As said in *U. S. v. Stowell,* 133 U. S. 1, at p. 12 (10 Sup. Ct. 244) : "By the now settled doctrine of this court, . . . statutes to prevent frauds upon the revenue are considered as enacted for the public good and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the legislature."

The legislature of this state as well as of every other state of the Union stamps lotteries as inimical to public policy. It makes contraband of lottery prizes and plainly declares that no one shall profit by their operation. All

prizes are forfeited to the State. The statute declaring the forfeiture does not attempt to specifically provide or to limit in any manner the form of the action by which the right of the State in and to the prize shall be enforced. It provides that the prize may be recovered "by any proper action." Having vested the State with title to the prize, it would seem that it was the legislative purpose to make available to the State the same procedure for the enforcement of its rights in and to the property that is available to other owners of property, and that its rights were not intended to be limited to the mere physical recovery of the prize itself. Plainly it was intended that the prize winner should not profit by his participation in the lottery scheme. To relieve the defendant who participated in the outlawed transaction and compel the State to proceed against the third party, who perhaps in good faith paid his money for the automobile, would permit the guilty participant to profit by his wrong and to visit the penalty upon an innocent person. It would also follow from such a construction that the consumption of a prize in the form of food would render it impossible for the State to recover anything and permit the prize winner to profit by his guilty participation. This would defeat the plain purpose and intent of the statute, the purpose of which was to vest title to all lottery prizes in the State and to enable the State to enforce its right in and to the property by the same appropriate procedure that is available to all other property owners under like circumstances. To hold otherwise would be to qualify the absolute title which the statute vests in the State.

So far we have discussed only sec. 348.06, but our conclusion is corroborated by the provisions of ch. 288, Stats. That chapter relates to the procedure for the collection of forfeitures. By sec. 288.01 it is provided that "In all cases, not otherwise specially provided for by law, where a forfeiture shall be incurred by any person and the act or omis-

sion for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action." By sec. 288.02 it is provided that "In case the defendant is a nonresident of the state an attachment may be issued in such action in like manner as may be done in ordinary civil actions against nonresidents." And by sec. 288.03 it is specifically provided that "In an action brought to recover any goods or other things forfeited by the provisions of any statute it shall be sufficient to allege in the complaint that such goods or other things have been forfeited, specifying the section and chapter containing such statute, with a demand of judgment for the delivery of such goods or other things or the value thereof." When these statutory provisions are all considered together it negatives the idea that in this state an action to enforce a forfeiture is a proceeding *in rem*. It matters not what is forfeited. The action to which the State is relegated to enforce the forfeiture is a personal action unless a contrary intent appears from the statute declaring the specific forfeiture. Such a purpose not appearing in the punitive statute under consideration, it follows that the State can maintain an action to recover the value of the forfeited property which the defendant converted to his own use.

*By the Court.*—Order reversed, and cause remanded with instructions to overrule the demurrer.