[Civ. No. 33563. Second Dist., Div. Four. Aug. 20, 1968.]

RAY E. LEE, as Registrar of Voters, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RECALL REAGAN COMMITTEE, INC. et al., Real Parties in Interest.

John D. Maharg, County Counsel, Alfred Charles De Flon and Jean Louise Webster, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Ziskind, Ross & Wiggen, Ralph E. Wiggen, Phalen G. Hurewitz and Jay L. Cooper for Real Parties in Interest.

FILES, P. J.—This proceeding was commenced on August 14, 1968, by a "petition for writ of prohibition" asking this court to overturn an order of the superior court made on August 12, 1968, in a proceeding entitled Recall Reagan Committee, Inc. et al. v. Lee, et al., No. 936777.

In view of the necessity for a prompt determination of the important issue, this court ordered the original superior court file transmitted here, together with a reporter's transcript of the proceedings of August 12, and set the case for hearing on August 20. After considering the record and the law and the arguments of all counsel appearing in this proceeding, the court is of the opinion that the order of August 12 exceeded the jurisdiction of the superior court and should be set aside.

The facts will be stated briefly. The real parties in interest (hereinafter called the Committee) did on July 31, 1968, file with the petitioner, Ray E. Lee, as Registrar of Voters, a petition for the recall of Governor Reagan, pursuant to article XXIII, section 1, of the California Constitution, and sections 27000-27004 of the Elections Code. The Constitution provides: "Any recall petition may be presented in sections, but each section shall contain a full and accurate copy of the title and text of the petition. Each signer shall add to his signature his place of residence, giving the street and number, if such exist. His election precinct shall also appear on the paper after his name."

On the petition filed July 31, precinct numbers were omitted for some of the signers. The Committee asked the registrar for permission to add precinct numbers after the petition had been filed. The registrar refused upon the ground that the law did not authorize any such addition to the petition after it had been filed. It was and is the position of the registrar that he will permit citizens to use the facilities of his office to ascertain the precinct numbers of the signers and enter such numbers on the petition before it is filed, but not afterwards.

The cited section of the Constitution requires that within 20 days after the filing of the petition the registrar shall determine from his records what number of qualified voters have signed it, and, upon completion of his examination, submit to the Secretary of State a certificate showing the result of his examination.

On July 31 the Committee filed in the superior court a complaint asking that court to order the registrar to allow the Committee to add precinct numbers to the petition. On August 12, after a hearing, the superior court ordered that a peremptory writ of mandamus issue. That writ contains the following language:

"You, The Said Ray E. Lee, Registrar of Voters of the County of Los Angeles, Are Hereby Commanded immedi-

ately on receipt of this writ to permit the placing of election precincts and correcting of erroneous election precincts after the names of signers of the Petition to Recall the Governor of the State of California filed in your office on July 31, 1968, and that you permit at least fifty volunteers to work from 7:30 A.M. through midnight of each day, including August 17 and August 18, 1968, at said precincting and that you reasonably cooperate with the said volunteers and supporters; and to count such valid signatures in your certification, and that said RAY E. LEE do not certify the said petition to the Secretary of State of the State of California prior to August 19, 1968.''

In *Mayock* v. *Kerr* (1932) 216 Cal. 171 [13 P. 717], the petitioner was seeking to compel the Registrar of Voters to accept an initiative petition which contained no precinct numbers. The applicable portion of the California Constitution was article IV, section 1, which contains language identical with that found in the recall section, that is, ''His election precinct shall also appear on the paper after his name.'' In denying relief, the Supreme Court said (at p. 173) : ''Thus the Constitution itself provides that the precinct numbers must appear on the petition, and this must necessarily mean that such precinct numbers must appear on the petition at the time the petition is presented to the Registrar of Voters. Inasmuch as the Constitution plainly requires this information to appear on the petition it is needless to speculate as to why the framers of the Constitution saw fit to insert this limitation on the exercise of the right. The provision was probably inserted as a mechanical aid to the Registrar of Voters in investigating, identifying and verifying the persons and signatures of the purported signers.''

This authoritative interpretation is binding upon this court and the superior court and the Registrar of Voters. The superior court had no jurisdiction to order the registrar to count signatures which had not been precincted at the time of filing, and its order should therefore be annulled in this proceeding.

Historically the purpose of the writ of prohibition was to prevent judicial action, not to review completed acts. But our Supreme Court has recognized that in a proper case, the reviewing court has power to annul the trial court's action where the latter exceeded its jurisdiction. (*Traffic Truck Sales Co.* v. *Justice's Court* (1923) 192 Cal. 377, 380 [220 P. 306] ; *A. G. Col Co.* v. *Superior Court* (1925) 196 Cal. 604, 613 [238 P. 926] ; see 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, §§ 71-78, pp. 2567-2579.)

A judgment of the Court of Appeal is not final until at least 60 days after the filing of the opinion, in order to give the parties the opportunity to petition the Supreme Court for a hearing (rules 24, 25, 28, Cal. Rules of Court). So that the registrar may be relieved from the immediate effect of the superior court's erroneous order, we have power to and do forthwith stay the decision of the superior court.

The time allowed by the superior court for adding precinct numbers has expired. The only portion of that order which is currently effective is the direction to count the signatures which were precincted after filing. By issuing a stay we allow the registrar to certify the count of signatures as they were on July 31, 1968. Inasmuch as the papers on file in the registrar's office will also show the number of additional signatures which were precincted after July 31, we assume that an appropriate amendment to the registrar's certificate can be ordered if the Supreme Court should transfer this case to itself and determine that some different decision should be made.

It is therefore ordered that the operation and effect of the superior court's order of August 12, 1968, is hereby stayed, pending further order of this court.

Inasmuch as the record of the superior court fails to show that any formal judgment has been made or entered, the respondent court is hereby restrained from making or entering any judgment conforming to its order of August 12, 1968.

It is further ordered that upon the effective date of this judgment the said order of August 12, 1968, is annulled, and the superior court is prohibited from giving any effect thereto.

Kingsley, J., and Wapner, J. pro tem.* concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied November 13, 1968.

---

*Assigned by the Chairman of the Judicial Council.