[No. 6966.  Decided January 15, 1908.]

LEVIN CARLSON *et al.*, *Appellants*, v. J. C. CURREN *et al.*,
*Respondents*.[1]

APPEAL—NOTICE—SUFFICIENCY.  An oral notice of appeal, given
in open court at the time of signing judgment of dismissal, is suffi-
cient; and the claim of insufficiency on the ground that the adverse
party was not present cannot be first made on appeal where the
judgment was regular on its face.

QUIETING TITLE—ACTIONS—JOINDER.  In an action to quiet an
equitable title, there is no misjoinder of equitable and legal causes
of action by reason of the fact that plaintiff was in possession of part
of the land, and out of possession of other portions; since an equita-
ble suit to establish equitable rights by one out of possession is the
proper form of action, without resorting to ejectment.

QUIETING TITLE—PARTIES DEFENDANT—JOINDER.  There is no mis-
joinder of parties defendant in an action to quiet title to a single
estate by reason of the fact that the defendants are severally in
possession and claim adversely separate portions of the estate.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered April 15, 1907, upon sustain-
ing a demurrer to the complaint, dismissing an action to quiet
title and to recover possession of real property.  Reversed.

*Boyle & Warburton*, for appellants.

*T. W. Hammond* and *J. W. A. Nichols*, for respondents.

FULLERTON, J.—The appellants purchased certain lots sit-
uated in the city of Tacoma which were sold by the county of
Pierce under a judgment entered in a tax foreclosure pro-
ceeding, receiving a deed for the property in due course.  At
the time of the sale the respondents, J. C. and Mary Curren,
were in possession of a part of one of the lots, claiming to
hold as tenants of some third person.  After the delivery of the
tax deed, the appellants entered into possession of all that

[1]Reported in 93 Pac. 315.

portion of the lots not in possession of Curren and wife, where-
upon Curren laid claim to the whole of the premises adversely
to the appellants.     The other respondents also laid claim to
interests in the property adversely to the appellants.     The
appellants thereupon brought this action to quiet their title
against the claims of all of the appellants, and to recover that
portion of the lots in possession of the respondents Curren.

In their complaint the appellants set up the nature of
their estate, alleging that they were owners in fee simple of
the premises by virtue of the tax forclosure proceedings and
the sale thereunder and the deed executed in pursuance there-
of; that the respondents Curren were in possession of a
part of the premises and claimed the whole of the same ad-
versely to the appellants; that the other respondents also
claimed some interests in the premises adversely to the appel-
lants, but that the claim of each and all of the respondents
was without right, as neither of them had any right, title, or
interest therein whatsoever.     The prayer of the complaint
was that the appellants be adjudged to be the owners in fee
simple of the premises, and their title quieted against the
claims of each and all of the defendants, and that they re-
cover possession of the whole of the premises and the respond-
ents Curren be ejected therefrom.

A demurrer was interposed to the complaint upon the statu-
tory grounds:  (1) That several causes of action had been
improperly united; and (2) that the complaint did not state
facts sufficient to constitute a cause of action.     The demurrer
came on for hearing before the superior court on March 2,
1907, and was, after argument, sustained.     On April 15
thereafter, the appellants gave notice that they elected to
stand on their complaint, and declined to amend, whereupon
the court entered judgment dismissing the action.     From the
judgment so entered this appeal is taken.

The appellants move to dismiss the appeal for the reason
that no sufficient notice of appeal was given.     The notice of

appeal was given in open court at the time the court signed the judgment of dismissal, and was regularly entered by the clerk on the journal of the court under the direction of the judge. This was in strict compliance with the statute and sufficient notice to perfect the appeal. We have not overlooked the contention of the respondents, made in their briefs, to the effect that the judgment was entered in their absence and without their knowledge, but this fact does not appear on the face of the record. On the contrary the judgment on its face is regular, and if it fails to recite the facts truly, the remedy must be found in some other proceeding than a motion to dismiss the appeal. The motion is denied.

The trial judge sustained the demurrer to the complaint on the ground that several causes of action had been improperly united. He seems to have taken the view that, since the respondents Curren were in possession of a part of the land, a different form of action was required to determine their rights than was required to determine the rights of the other adverse claimants, all of whom were out of possession; that the remedy against the first was ejectment to recover the possession, while an equitable action to quiet title was the remedy against those out of possession. This view of the remedies afforded a claimant in the situation that these plaintiffs found themselves unquestionably finds support in the decisions of this court as they stood at the time the judgment appealed from in this action was rendered. In the early case of *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531, and many subsequent cases, notably *Reichenbach v. Washington Short Line R. Co.*, 10 Wash. 357, 38 Pac. 1126; *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141, and *Povah v. Lee*, 29 Wash. 108, 69 Pac. 639, we held that the remedy against one in possession of land was ejectment, since any other remedy would deprive the party in possession to his right of trial by jury. But these cases were overruled on that point in the recent case of *Brown v. Baldwin*, 46 Wash. 106, 89 Pac.

483.   In the last-cited case we held that one out of possession claiming land by an equitable title could maintain an action to quiet title against one in possession, and that in such an action full and adequate relief will be granted even to the extent of awarding possession, if such an award be necessary. It was not, of course, there decided that all actions to recover real property were actions of equitable cognizance and triable as such—on the contrary actions to recover real property which present purely legal controversies are still triable as actions at law—but it was decided that where the claimant's rights were of an equitable nature, he need not resort to the fiction of ejectment and have his case presented to a jury merely because the defendant was in possession of the property.   There is therefore no objection to the form of the remedy sought by the appellants.

Nor is the complaint demurrable on the ground of misjoinder of defendants.   In actions of ejectment at common law the plaintiff was not bound to bring separate actions against separate trespassers who had intruded upon his single, separate estate.   As to him they were all wrongdoers, and he could not know how they claimed, whether jointly or severally, and if severally, how much each one claimed.   Each defendant, of course, had the right to defend for his several portion, and by doing so necessarily disclaimed as to the residue, but this fact did not entitle such defendant to a separate trial, nor did it make the action multifarious.   *Greer v. Mezes*, 24 How. 268, 16 L. Ed. 661.

The same rule applies to actions brought to determine the rights of adverse claimants, or actions to quiet title.   The plaintiff may make all of the adverse claimants defendants, even though there should be no privity or connection between them.   As was said in *Kincaid v. McGowan*, 88 Ky. 91, 4 S. W. 802:

"It seems clear that in an equitable action to quiet the title to land, independently of the statutory authority, all of the adverse claimants, whether by independent

titles or not, may be joined as defendants. Indeed, as the object to be accomplished is the putting of all litigation about the title to rest, it is not only desirable, but proper to make all adverse claimants defendants."

See, also, *Stemmler v. McNeill*, 102 Fed. 660; Pomeroy, Remedies, § 369 *et seq.*; 15 Cyc. 83; 17 Ency. Plead. & Prac., 323.

We conclude, therefore, that the trial court erred in sustaining the demurrer. The judgment appealed from is reversed, and remanded with instructions to reinstate the case and overrule the demurrer.

RUDKIN, MOUNT, ROOT, and DUNBAR, JJ., concur.