HYLAND, APPELLEE, *v.* PFALZGRAF ET AL., APPELLANTS.

504

(No. 7724—Decided May 18, 1953.)

*Messrs. Nichols, Wood, Marx & Ginter,* for appellee.

*Mr. Harold G. Brown,* for appellants.

*Per Curiam.* This is an action to quiet title to a sewer easement over the defendants' parcel of real estate appurtenant to the parcel owned by the plaintiff. The trial in the Common Pleas Court resulted in a decree finding that plaintiff had a sewer easement over the defendants' land and a decree quieting the plaintiff's title thereto against the defendants' adverse claim.

This appeal is from that judgment.

The first question to be considered is the appellee's contention that the notice of appeal is fatally defective and confers no jurisdiction upon this court.

The notice of appeal recites that it is upon law and fact and that it is taken from the "verdict" of the Common Pleas Court. Of course, the reference to a "verdict" was clearly an inadvertence, as no jury was empaneled. The action is clearly a chancery case in which there is no right to a jury.

As the judgment and the order overruling the motion for a new trial are the only final orders in the record, both of which are appealable and raise the same issue, we are of the opinion that under Section 12223-5, General Code, this court may and should permit an amendment to designate the order appealed from.

As no appeal bond was filed, the appeal was reduced to one on questions of law only and appellants were given 30 days to file a bill of exceptions. That has been done. This bill, however, contains only the conclusions or findings of the court and not the evidence upon which those findings were based. The findings as set forth in the bill are as follows:

"Plaintiff purchased two adjoining lots from a common owner by separate deeds upon the same day. The deed for parcel 1 was delivered first and reserved an easement for a sewer line over the rear ten feet thereof, for the benefit of parcel No. 2. Later that same day, this deed for parcel No. 2 was delivered. While the deed for parcel No. 2 contains no specific grant of the sewer easement, nor any reference to it, the court finds that the 'privileges and appurtenances clause' in this deed was sufficient to pass title to the easement in question.

"Plaintiff has continued paying the taxes upon parcel No. 2 and still owns it, but failed to pay the taxes on parcel No. 1. In 1947 a foreclosure action was instituted by the county treasurer because of the delinquent taxes owed upon parcel No. 1, but the property was not sold for want of bidders and was thereupon duly forfeited to the state of Ohio. In accordance with applicable statutory provisions it was eventually sold to the defendants by the Hamilton County Auditor at a forfeited land sale. Throughout the foreclosure and foreclosure proceedings, which were in all respects, regular, and in the auditor's

deed to the defendant, the easement above referred to is reserved for the benefit of parcel No. 2.

"The sewer for which the easement was reserved has not yet been constructed, but plaintiff now proposes to construct it and brought this action to quiet title to the easement."

It will be observed that the court found that the defendants' parcel was sold to them with the express reservation of this sewer easement for the benefit of the plaintiff's parcel. Under such circumstances they are in no position to question the existence of the easement.

For this reason the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.