Argued September 2, affirmed November 18, 1976

BELOZER, *Appellant,*
*v.*
COOPER, *Respondent.*

556 P2d 676

*James E. Redman,* Milwaukie, argued the cause for appellant. With him on the brief were Arthur B. Knauss and Redman & Carskadon.

*James C. Tait,* Oregon City, argued the cause for respondent. With him on the brief were Frederic D. Canning and Hibbard, Caldwell, Canning, Bowerman & Schultz.

Before Denecke, Chief Justice, and McAllister, Holman, and Howell, Justices.

McALLISTER, J.

[ 679 ]

## McALLISTER, J.

The plaintiff, Sandra Belozer, brought this damage action for personal injuries sustained when the car in which she was a passenger was struck by a car driven by defendant Wayne Cooper. The car in which plaintiff was riding belonged to her and we will refer to it as the Belozer car or plaintiff's car. The jury returned a verdict for defendant and plaintiff appeals. We affirm.

The only issue is whether the court erred in sustaining defendant's objection to plaintiff's offer of the testimony of a witness about the operation of defendant's vehicle three to five minutes and about a mile before the accident.

The Belozer car was traveling west on Seventh Street in Oregon City approaching the intersection of Harrison Street. At the same time defendant was driving east on Seventh Street. As the Belozer car approached the intersection the defendant's car turned to its left across the center line of Seventh Street and hit the plaintiff's car along its left side and then hit head-on another car which was following plaintiff's car.

The plaintiff alleged in her second amended complaint that defendant was negligent "in driving an automobile when he knew or should have known that he was subject to epileptic seizures." At the trial it was conceded that defendant was an epileptic and took drugs daily to control his affliction. It was also conceded that defendant had suffered epileptic seizures in the past.

During the trial plaintiff attempted to offer testimony of a Mr. Bennett that about nine-tenth's of a mile from the scene of the collision and from about three to five minutes earlier defendant had been driving in a negligent manner. The trial court sustained an objection to this evidence and plaintiff made an offer of proof by interrogating the witness. Bennett testified that he had seen the defendant's vehicle at

[ 681 ]

14th and Washington going up hill; that the witness was traveling between 20 to 30 miles per hour; that defendant's car passed the witness and another car on the right; that there was no passing lane on the right in that area; that the defendant's car was going twice as fast as the witness's car; that the defendant's car was coming down hard on the plateaus or bumps on Washington Street; that defendant passed a truck on the left after passing the witness's car and had to swerve back in front of the truck to keep from hitting another automobile coming down Washington Street.

While the offer of proof was being made the following colloquy between the court and counsel occurred.

"THE COURT: All right. This evidence by this witness shows three possible things. Number one, that he was operating and driving, passing cars on the right when there wasn't a marked lane. Maybe not that witness's car but the other car which he said was a block and a half ahead. The second thing might be speed. The third thing might be passing this truck the other side of 12th Street.

"Now, any of those things are simply admissible for the jury to consider in determining whether or not the operation of his vehicle at the time of the accident constituted negligence, either by lack of control, speed, lookout, or failing to drive on the right side of the highway. Now, if the defendant comes in here and says: 'We admit that the car was not properly controlled, there wasn't proper lookout, it wasn't kept on the right side of the road, we admit that the operation of the car at that time would constitute negligence except that he was unconscious.' Now, if they are admitting that, then I instruct the jury that's true and they don't have to determine whether the operation of his car would constitute negligence or not. I'm telling them it does.

"MR. THOM: *Okay, I agree with that.* If that's the defendant's position at this point and that's the way it's going to continue to be, except for the issue of whether or not he has an unexpected unconsciousness which caused this accident, then I agree with the Court. *It's not admissible.*

"THE COURT: Well, Mr. Canning has said that they agree and that's the way the Court can instruct the jury.

"MR. CANNING: I will argue it on that basis, too, your Honor, and I think it's legally correct. I don't think we can excuse this conduct.

"THE COURT: All right. Then the Court can instruct the jury that as a matter of law the operation of the vehicle at the scene of the accident would constitute negligence unless they find that the defendant was unconscious due to this illness.

"MR. CANNING: That's correct.

"THE COURT: Then this would be immaterial.

"MR. THOM: *All right. Thank you.*

"THE COURT: For that reason I will not then allow it to go to the jury." (Emphasis supplied.)

The court later instructed the jury pursuant to the admission by defendant's counsel that defendant had been negligent as a matter of law unless the jury found that when defendant drove onto the left side of the road and into plaintiff's car he was unconscious as the result of an epileptic seizure.

It is obvious to us that when, during the offer of proof, the defendant conceded that defendant was negligent as a matter of law unless his driving into plaintiff's car was the result of an epileptic seizure, the plaintiff abandoned her offer of proof and was content to have the issue submitted on that basis.

In the motion for a new trial and in this court plaintiff contends that she did not waive her offer of proof entirely, but intended that it would be admissible on the issue of whether defendant drove into plaintiff's car as a result of an epileptic seizure.

We think there is no substance to this afterthought. If the plaintiff's counsel had expected the offer of proof to be admitted for that limited purpose he would have so stated during the colloquy with the court instead of concluding the colloquy with the statement "All right. Thank you." If the trial court erred in failing to admit the evidence on the issue of whether the defendant

drove into the plaintiff's car because of an epileptic seizure, it was invited error and, therefore, not reversible error.

The judgment is affirmed.