63 P.3d 184 (2003)
115 Wash.App. 634
Richard and Jolan DURRAH, Appellants,
v.
Otis E. and Flora WRIGHT, Respondents.
No. 28410-3-II.
Court of Appeals of Washington, Division 2.
February 14, 2003.
*185 Stephen L. Wozny, Longview, for Respondent.
John Herbert Bigelow, William John Faubion, Cathlamet, for Appellants.
MORGAN, J.
The question is whether a plaintiff claiming title by adverse possession has the right to a jury trial under article I, § 21 of the Washington Constitution. The answer is no if, as is true here, the plaintiff presently possesses the disputed land.
Richard and Jolan Durrah sued Wright,[1] the titleholder of record, to quiet title to land on which the Durrahs were then maintaining a pipeline. The Durrahs alleged that they had been "in actual, open, adverse, notorious, and uninterrupted possession for more than ten (10) years[,]" and that they had acquired title by adverse possession.[2] Wright asked that the Durrahs' claim be dismissed and its title "affirmed."[3]
The Durrahs filed a jury demand that complied with CR 38.[4] Wright moved to strike the demand,[5] alleging that the action was equitable in nature. The trial court struck the jury demand, granted partial summary judgment on some issues, and held a bench trial on the remaining issues.[6] After trial, the court awarded the Durrahs some but not all of the disputed land. The Durrahs then filed this appeal.
Relying on article I, § 21 of the Washington Constitution, the Durrahs claim on appeal that "the [t]rial [c]ourt erred by denying [their] Right to Jury Trial."[7] Accordingly, we consider article I, § 21; whether it has been expanded by statute; and whether it applies in this case.

I.
Washington became a state on November 11, 1889. Since then, article I, § 21 has provided, "The right of trial by jury shall remain inviolate[.]"[8]
Article I, § 21 "guarantee[s] those rights to trial by jury which existed at the time of the adoption of the constitution."[9] Such provisions *186 are "similarly worded and viewed in nearly all the states[.]"[10] Thus, the Washington Supreme Court has quoted the Pennsylvania Supreme Court as follows:
The founders of this state brought with them to their new abode the usages to which they had been accustomed in the land from which they emigrated. Among them was trial by jury. That mode of trial had long been considered the right of every Englishman, and it had come to be regarded as a right too sacred to be surrendered or taken away. Even in England it was fundamental or constitutional, so far as any right can be where there is no written frame of government. Its extent and its privileges, how and when it was to be enjoyed, were perfectly understood, and in bringing it with them the founders of the Commonwealth doubtless intended to bring it as they had enjoyed it. None of the frames of government or constitutions under which we have lived have contemplated any extension of the right beyond the limits within which it had been enjoyed previous to the settlement of the state or the adoption of the constitution.... [The constitutional provision] look[s] to preservation, not extension. It is the old right, whatever it was, the one previously enjoyed, that must remain inviolable.... [[11]]
The Territorial Code of 1881 was in effect just prior to statehood. In chapter 46, it described common law actions for ejectment.[12] In chapter 47, it described equitable actions to quiet title.[13] In § 204, it granted the right to a jury trial in common law actions but not in equitable actions.[14] At first glance then, article I, § 21 guarantees the right to jury trial in common law actions for ejectment, but not in equitable actions to quiet title.
We confirm this conclusion by examining a pre-statehood case, several post-statehood cases, and several cases from other jurisdictions. The pre-statehood case of Smith v. Wingard[15] was decided in 1887 by the Territorial Supreme Court. The plaintiff alleged that he was in possession of land that the *187 defendant was claiming under a competing deed, and that he, the plaintiff, should have judgment "for the recovery of said land as against the wrongful claim of said defendant."[16] Assuming that the plaintiff was proceeding under Chapter 46, the defendant "contend[ed] that the complaint is fatally defective because it shows that this plaintiff is in possession of the property."[17] The only question on appeal was whether the complaint alleged facts sufficient to state a claim.[18] The Territorial Supreme Court stated that the action contemplated in Chapter 46 "is the common-law action of ejectment,"[19] and that "an action cannot be maintained under [Chapter 46] by one in possession of real property against another to determine and decide title."[20] The Territorial Supreme Court held that the action contemplated in Chapter 47 is the equitable action of quiet title; that the court would deem the plaintiff to be proceeding under Chapter 47; and that the complaint was sufficient under Chapter 47. The Territorial Supreme Court explained:
[T]his complaint would be insufficient if it were to be measured by chapter 46 of the Code alone. The facts averred, however, whatever the view of the plaintiff or his counsel in bringing the suit, make a perfect and complete case for a court of equity under chapter 47, section 551, of the Code. The last subdivision of section 551, omitting parenthetical clauses, reads as follows: "Any person in possession, by himself or his tenant, of real property, and any private or municipal corporation in possession by itself or tenant of any real property,... may maintain a civil action against any person or persons, corporations or associations, claiming an interest in said real property, or any part thereof, or any right thereto adverse to him, them, or it, for the purpose of determining such claim, estate, or interest," etc. It is unnecessary to argue that the rights here created and the jurisdiction here conferred are strictly equitable in character. It has been so held by the Supreme Court of the United States in several similar cases. The complaint, therefore, states a good cause of action, and the demurrer was properly overruled.[[21]]
The four post-statehood cases are Spithill v. Jones,[22]Rohrer v. Snyder,[23]Brown v. Baldwin,[24] and Carlson v. Curren.[25] In each, the State Supreme Court indicated that from common law times to the time of the dispute then before it, the right to jury trial existed in a common law action for ejectment, but not in an equitable action to quiet title.
In Spithill,[26] the plaintiff brought an equitable action to quiet title. The trial court dismissed when he failed to prove that he "was in possession of the land in question, or that the same was unoccupied by any person."[27] After holding that the trial court had been justified in finding that the plaintiff had failed to prove that he was in possession or that the land was vacant, the State Supreme Court stated:
This being so, the [trial] court was right in dismissing the bill for want of equity; for, regardless of the other questions raised, *188 we are satisfied that there must be proof of one of these facts to warrant the bringing of such an action as the one at bar.
At common law a bill to quiet title could only be maintained when the plaintiff, by allegations and proof, showed that he was in possession; and while it is true that our statute has so far changed this rule that the plaintiff need not be in possession of the land, yet, in such a case, we are of the opinion that the fact that the land is unoccupied is a material one, and necessary to the jurisdiction of the court. To hold a contrary doctrine would be to allow this form of action to be substituted in every case for an action of ejectment, and the defendant in possession of the property be deprived of his constitutional right to a trial by jury.[[28]]
In Rohrer,[29] the State Supreme Court declined to apply Spithill when the disputed land was vacant. The court also spoke about the right to jury trial. The court said:
It was alleged in the complaint and established by the evidence, however, that the property was not in the actual possession of any one at the time this action was instituted. Where such conditions exist an equitable action to try title or remove clouds from title can be maintained by reason of the express provision of the statute. Ballinger's Code, § 5521. It is where the real property is in the actual possession of an adverse claimant that the statute requires these questions to be litigated in an action brought to recover the possession. The action was also properly tried without the intervention of a jury. It is one purely equitable in its nature, and, as such, is to be tried as other equitable actions are tried under the uniform practice in this state.[[30]]
In Brown,[31] the court overruled Spithill to the extent of holding that an equitable bill to quiet title would not be dismissed merely because it failed to show the plaintiff was in possession; it would instead be treated as alleging a common law action for ejectment. The court recognized, however, that the right to a jury trial would be the same as it had always been. The court stated:
This holding does not lead to the conclusion that all the distinctions between law and equity are abolished, or that equitable actions are not to be tried under the same rules under which they always have been tried. It simply means that it makes no difference what the action is termed, and that the relief sought must be granted according to the demands of the complaint if they are substantiated by proof.... [W]hen once the applicant has gained legal access to the court through a statement of facts, which the law demands that the complaint shall be, he is entitled to just such relief as his complaint and his proof warrant; and in the trial of the cause, if it is discovered that the relief is equitable, the court will administer the equitable relief. If it becomes necessary in the trial of the cause to determine a purely legal right, the court, as it always has done, may call a jury to try out that question.[[32]]
In Carlson,[33] the Supreme Court reiterated what Brown had said about the right to trial by jury. The plaintiffs sued to quiet title even though they were not in possession of the disputed land. The trial court dismissed their complaint. The Supreme Court reversed, saying:
In the early case of Spithill v. Jones, ..., and many subsequent cases ..., we held that the remedy against one in possession of land was ejectment, since any other remedy would deprive the party in possession to his right of trial by jury. But these cases were overruled on that point in the recent case of Brown v. Baldwin ... In [Brown] we held that one out of possession claiming land by an equitable title could maintain an action to quiet title against one in possession, and that in such an action full and adequate relief *189 will be granted even to the extent of awarding possession, if such an award be necessary. It was not, of course, there decided that all actions to recover real property were actions of equitable cognizance and triable as suchon the contrary actions to recover real property which present purely legal controversies are still triable as actions at lawbut it was decided that where the claimant's rights were of an equitable nature, he need not resort to the fiction of ejectment and have his case presented to a jury merely because the defendant was in possession of the property.[[34]]
Other jurisdictions agree with our conclusion. The Oregon Court of Appeals has said:
A claim of adverse possession may be pled in what had previously been characterized as both equitable and legal proceedings.... In Yaquina Bay Timber v. Shiny Rock Mining, 276 Or. 779, 781 n. 1, 556 P.2d 676 [672] (1976), the court said:
"Under the Oregon Constitution, Art. I, § 17[35] and Amended Article VII, § 3,[36] the right to a trial by jury exists in those classes of cases where a jury trial was customary at the time of the adoption of the constitution. Moore Mill & Lbr. Co. v. Foster, 216 Or. 204, 224, 336 P.2d 39 (1959), 337 P.2d 810 (1959). Such a right, then, exists for an action at law in ejectment but not for an equitable suit to quiet title. Oliver v. Burg, 154 Or. 1, 20, 58 P.2d 245 (1936). The choice between these forms of action for a party seeking to determine ownership of real property depends upon who is in possession of the land. Under ORS 105.605, a party out of possession cannot maintain a suit to quiet title against a defendant in actual possession and must proceed by ejectment."[[37]]
The Alaska Supreme Court has said that "[a] claim for a prescriptive easement, like a claim for adverse possession, is in the nature of an equitable claim and was historically tried in the courts of equity."[38] The Minnesota Court of Appeals has said:
An ejectment action, in which the "recovery of * * * specific real * * * property" is sought, is an action at law to which the right to a jury trial applies. Rognrud, 282 Minn. at 434, 165 N.W.2d at 247. On the other hand, where the plaintiff is in possession of the property and brings an action to determine an adverse claim to the property, the case is equitable and triable by the court.[[39]]
The Pennsylvania Supreme Court has said: "In an Action in Ejectment, the plaintiff has the right to a jury trial[,]" but "[t]here is no jury trial right in an Action to Quiet Title."[40] Having augmented our initial reasoning with these additional authorities, we again conclude that Washington's article I, § 21 guarantees the right to jury trial in common law actions for ejectment, but not in equitable actions to quiet title.

*190 II.
Having concluded that article I, § 21 guarantees the right to a jury trial in an action for ejectment but not in an action to quiet title, we next ask whether the constitutional right has been expanded by statute. As one writer notes:
There is some question in Washington whether a jury can be had in a quiet title action. Because juries were not used in the English Chancery, except occasionally to advise the Chancellor, they are generally not available in equitable actions in the United States. Washington regards the statutory form of quiet title as being still an equitable action.... But RCW 7.28.140, which clearly applies to ejectment actions, creates a question.... [[41]]
RCW 7.28.140 was first enacted in 1869.[42] It was re-enacted in 1877 and 1881.[43] On each of these occasions, it was part of a session law that dealt with common law actions for ejectment, but not with equitable actions to quiet title.[44] It was codified in the 1881 Territorial Code as part of Chapter 46, which related to actions for ejectment. It has not been changed since.[45] At present then, it continues to provide for the right to jury trial in common law actions for ejectment, but not in equitable actions to quiet title.[46]
We do not overlook the confusing way in which RCW 7.28.140 is now codified. In 1890 and again in 1911, the legislature chose to insert provisions on quiet title into a section that previously had dealt only with ejectment.[47] The Code Reviser later codified that section as RCW 7.28.010, and it now appears in the same chapter as RCW 7.28.140.[48] At present then, one reading Chapter 7.28 RCW without knowledge of its history might think that RCW 7.28.140 recognizes the right to jury trial in both ejectment and quiet-title actions. But when one realizes that the meaning of a statute is determined by the intent of the legislature that enacted it,[49] and that the Code Reviser cannot alter such meaning by the way in which he codifies it,[50] *191 one also realizes that since pre-statehood days, RCW 7.28.140 has granted the right to jury trial in ejectment actions only.

III.
Having concluded that article I, § 21 guarantees the right to a jury trial in an action for ejectment but not in an action to quiet title, and that article I, § 21 has not been expanded by statute, we must identify the form of action involved in the case. If the case is only an equitable action to quiet title, there is no right to a jury trial.
The "doctrine of adverse possession"[51] is neither a legal nor equitable form of action. It is, rather, a part of the substantive law of real estate. According to one writer, it "functions as a method of transferring interests in land without the consent of the prior owner, and even in spite of the dissent of such owner."[52] According to another writer, it does not transfer title, but instead generates a new title.[53]
When one claims to have acquired title by adverse possession, and another disputes the claim, the ensuing litigation may take the form of either an ejectment action or a quiet title action.[54] According to one writer:
The most obvious plaintiff in an adverse possession action is the holder of the possessory estate who has been disseised. Washington allows such a plaintiff to challenge an adverse possessor in either an ejectment or quiet-title action.
....
An adverse possessor who has run out the statute and acquired title may assert that title as plaintiff against the extinguished owner in either an action of ejectment or to quiet title. His complaint may simply allege that he has title or is the owner of the land; it need not specifically allege adverse possession.[[55]]
This difference between substantive law and procedural forms of action explains the meaning of certain remarks in Chaplin v. Sanders.[56] As the Durrahs correctly emphasize, the Chaplin court stated that the doctrine of adverse possession "was formulated at law and not at equity."[57] The Chaplin court was speaking, however, about the substantive law of adverse possession, which indeed did originate at common law.[58] The Chaplin court was not speaking about the forms of action in which an adverse possession claim may be asserted, one of which (ejectment) originated at common law and the other of which (quiet title) originated in equity. These propositions are apparent because the Chaplin court was concerned with only two questions: (1) whether the claimant's possession had been hostile, and (2) whether the claimant's possession had been open and notorious.[59] Each of these questions *192 involved an element of the substantive law of adverse possession. Neither involved the right to jury trial, or any other matter that would have caused to the court to consider whether a particular form of action had originated at common law or in equity.[60] Although the Chaplin court correctly described the origin of the substantive doctrine of adverse possession, it did not address the origin of the forms of action that so significantly affect the right to a jury trial.
To determine whether a particular plaintiff is bringing an ejectment action or a quiet title action, it generally is necessary to know whether the plaintiff is in possession of the disputed land. If he or she is in possession, he or she can sue only to quiet title.[61] If he or she is not in possession, he or she can sue both to eject and quiet title.[62] If he or she sues only to quiet title, the action is equitable and triable without a jury.[63] If he or she sued both to eject and quiet title, the action will be mixed, and it may or may not be triable with a jury.[64]
In this case, the Durrahs titled their complaint, "Complaint to Quiet Title[.]"[65] They alleged that they "have been in ... possession for more than ten (10) years."[66] They prayed that fee-simple title "be established and quieted" in them.[67] Because they were in possession, they did not allege or seek ejectment. Necessarily then, their action was to quiet title; it was wholly equitable in nature; and article I, § 21 did not guarantee the right to a jury trial.
Affirmed.
We concur: SEINFELD, J., and HUNT, C.J.
NOTES
[1] Our references to "Wright" include the Otis E. and Flora E. Wright Revocable Trust and Dean Takko, trustee.
[2] Clerk's Papers (CP) at 12.
[3] CP at 21.
[4] See CP at 22. Civil Rule (CR) 38 provides in part:

(a) Right of Jury Trial Preserved. The right of trial by jury as declared by article 1, section 21 of the constitution or as given by a statute shall be preserved to the parties inviolate.
(b) Demand for Jury. At or prior to the time the case is called to be set for trial, any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing, by filing the demand with the clerk, and by paying the jury fee required by law. If before the case is called to be set for trial no party serves or files a demand that the case be tried by a jury of twelve, it shall be tried by a jury of six members with the concurrence of five being required to reach a verdict.
Although "[a]ppellants demanded a jury and paid the jury fee[,]" they claim that CR 38 is "void and unconstitutional[.]" Br. of Appellant at 14, n. 14. We do not reach this claim.
[5] CP at 263-64. The trial court deemed a jury impractical because of the difficulty in crafting jury instructions. But see Peters v. Dulien Steel Prods., Inc., 39 Wash.2d 889, 891, 239 P.2d 1055 (1952) ("trial by jury cannot be denied merely because the questions of fact are complicated or involve figures which are difficult to carry in mind"); Watkins v. Siler Logging Co., 9 Wash.2d 703, 712, 116 P.2d 315 (1941) (same); S.P.C. S., Inc. v. Lockheed Shipbuilding and Constr. Co., 29 Wash.App. 930, 935, 631 P.2d 999, review denied, 96 Wash.2d 1019 (1981) (same).
[6] The issues on which partial summary judgment was granted are not pertinent here.
[7] Br. of Appellant at 4, 13.
[8] See Auburn Mech., Inc. v. Lydig Constr., Inc., 89 Wash.App. 893, 896-97, 951 P.2d 311, review denied, 136 Wash.2d 1009, 966 P.2d 902 (1998).
[9] Brown v. Safeway Stores, Inc., 94 Wash.2d 359, 365, 617 P.2d 704 (1980); see also State ex. rel. Goodner v. Speed, 96 Wash.2d 838, 840, 640 P.2d 13, cert. denied, 459 U.S. 863, 103 S.Ct. 140, 74 L.Ed.2d 119 (1982); In re Marriage of Firchau, 88 Wash.2d 109, 114, 558 P.2d 194 (1977); Auburn Mech., 89 Wash.App. at 897, 951 P.2d 311; Scavenius v. Manchester Port Dist., 2 Wash.App. 126, 128, 467 P.2d 372 (1970).
[10] Goodner, 96 Wash.2d at 840, 640 P.2d 13.
[11] Goodner, 96 Wash.2d at 840-41, 640 P.2d 13 (alterations in original) (quoting Byers v. Commonwealth, 42 Pa. 89, 94, 1862 WL 5076 (1862)).
[12] Smith v. Wingard, 3 Wash. Terr. 291, 298, 13 P. 717 (1887). Laws of 1881, chapter 46 provided in part:

Sec. 536. Any person having a valid subsisting interest in real property and a right to the possession thereof, may recover the same by action in the district court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein.
Chapter 46 dated back to the Territorial Code of 1854. See Laws of 1854, ch. 42 § 398; see also Laws of 1869, ch. 46 § 488; Laws of 1877, ch. 45 § 540; Laws of 1879, p. 134, § 1; Petsch v. Willman, 29 Wash.2d 136, 138, 143-44, 185 P.2d 992 (1947). For the history underlying its references to landlord and tenant, see 17 WILLIAM STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 10.1, at 616-17 (1995).
[13] Smith, 13 P. 717, 3 Wash. Terr. at 298. Chapter 47 provided in part:

Sec. 551. Any person in possession, by himself or his tenant, of real property, and any private or municipal corporation in possession by itself or its tenant of any real property, or when such real property is not in the actual possession of any one, any person or private or municipal corporation claiming title to any real property under a patent from the United States ... may maintain a civil action against any person or persons, corporations or associations claiming an interest in said real property or any part thereof, or any right thereto adverse to him, them, or it, for the purpose of determining such claim, estate, or interest....
[14] Section 204 provided:

An issue of law shall be tried by the court, unless referred as provided in this chapter. An issue of fact shall be tried by a jury, unless a jury trial be waived, or a reference be ordered, as provided in this chapter.... Provided, That nothing herein contained shall be so construed as to restrict the chancery powers of the judges, or to authorize the trial of any issue by a jury, when the complaint alleges an equitable claim, and seeks relief solely upon the ground of the equities of the demand by the pleadings in the action.
See Peterson v. Philadelphia Mortgage & Trust Co., 33 Wash. 464, 469, 74 P. 585 (1903).
[15] 13 P. 717, 3 Wash. Terr. 291.
[16] Smith, 13 P. 717, 3 Wash. Terr. at 295.
[17] Smith, 13 P. 717, 3 Wash. Terr. at 296.
[18] For this reason, the court did not directly address the right to a jury trial. It noted, however, that the case had been tried to a jury, and that the defendant had invited any error in that regard. The court said: "The appellant has not contended that he was injured by the course pursued in the trial of the case below. He could not well do so, as he contended both there and here that such was the only proper course." Smith, 13 P. 717, 3 Wash. Terr. at 299.
[19] Smith, 13 P. 717, 3 Wash. Terr. at 298.
[20] Smith, 13 P. 717, 3 Wash. Terr. at 296.
[21] Smith, 13 P. 717, 3 Wash. Terr. at 298-99 (citations omitted).
[22] 3 Wash. 290, 28 P. 531 (1891).
[23] 29 Wash. 199, 69 P. 748 (1902).
[24] 46 Wash. 106, 89 P. 483 (1907).
[25] 48 Wash. 249, 93 P. 315 (1908). We use these four cases as examples. There are undoubtedly others as well.
[26] 3 Wash. 290, 28 P. 531.
[27] Spithill, 3 Wash. at 291, 28 P. 531.
[28] Spithill, 3 Wash. at 291, 28 P. 531.
[29] 29 Wash. 199, 69 P. 748.
[30] Rohrer, 29 Wash. at 203, 69 P. 748.
[31] 46 Wash. 106, 89 P. 483.
[32] 46 Wash. at 114, 89 P. 483.
[33] 48 Wash. 249, 93 P. 315.
[34] 48 Wash. at 251-52, 93 P. 315.
[35] This provision states, "In all civil cases the right of Trial by Jury shall remain inviolate."
[36] This provision states in part, "In actions at law, where the value in controversy shall exceed $750, the right of trial by jury shall be preserved...."
[37] Kohler v. Alspaw, 132 Or.App. 67, 72-73, 887 P.2d 832 (1994), review denied, 321 Or. 94, 893 P.2d 540 (1995).
[38] McGill v. Wahl, 839 P.2d 393, 396 (Alaska 1992).
[39] Denman v. Gans, 607 N.W.2d 788, 793 (Minn. Ct.App.2000). The Denman court noted that the Minnesota Constitution, article I, § 4 guarantees a jury trial in "all cases at law."
[40] Siskos v. Britz, 567 Pa. 689, 697, n. 3, 790 A.2d 1000 (Pa.2002). Accord, Murphy v. Murphy, 595 N.W.2d 571, 575 (N.D.1999); Stephens v. Brekke, 977 S.W.2d 87, 95 (Mo.Ct.App.1998); Butler v. Hoover Nature Trail, Inc., 530 N.W.2d 85, 89 (Iowa Ct.App.1994); In re Estate of Phelps, 223 Cal.App.3d 332, 340, 273 Cal.Rptr. 2, review denied (Cal.Ct.App.1990); Getter v. Beckman, 236 Mont. 377, 381-82, 769 P.2d 714 (Mont.1989); Duff v. Seubert, 110 Idaho 865, 867, 719 P.2d 1125 (Idaho 1985); National Bank of Commerce Trust & Sav. Ass'n v. Rhodes, 207 Neb. 44, 45, 295 N.W.2d 711 (Neb.1980); State ex rel. Dept. of Highways v. Martin, 572 P.2d 611, 616 (Okla.Ct.App.1977); Hindman v. Shepard, 205 Kan. 207, 468 P.2d 103, 111 (1970), cert. denied, 401 U.S. 928, 91 S.Ct. 923, 28 L.Ed.2d 209 (1971); Tarter v. Medley, 356 S.W.2d 255, 256 (Ky.1962); Hyland v. Pfalzgraf, 98 Ohio App. 503, 504, 130 N.E.2d 414 (Ohio Ct.App.1953).
[41] 17 WILLIAM STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 10.3, at 620 (1995).
[42] Laws of 1869, ch. 46 § 492.
[43] Laws of 1877, ch. 45 § 544; Laws of 1881, ch. 46 § 540. (In 1881, the legislature added a comma.) From 1881 to statehood, RCW 7.28.140's forerunner was section 540 in Chapter 46 of the 1881 Territorial Code. It read:

Sec. 540. The jury by their verdict shall find as follows:
1. If the verdict be for the plaintiff, that he is entitled to the possession of the property described in the complaint, or some part thereof, or some undivided share or interest in either, and the nature and duration of his estate in such property, part thereof, or undivided share or interest in either, as the case may be.
2. If the verdict be for the defendant, that the plaintiff is not entitled to the possession of the property described in the complaint, or to such part thereof as the defendant defends for, and the estate in such property or part thereof, or license, or right to the possession of either established on the trial by the defendant, if any, in effect as the same is required to be pleaded.
[44] Laws of 1869, ch. 46 § 492; Laws of 1877, ch. 45 § 544; Laws of 1881, ch. 46 § 540.
[45] RCW 7.28.140 presently provides:

The jury by their verdict shall find as follows:
(1) If the verdict be for the plaintiff, that he is entitled to the possession of the property described in the complaint, or some part thereof, or some undivided share or interest in either, and the nature and duration of his estate in such property, part thereof, or undivided share or interest, in either, as the case may be.
(2) If the verdict be for the defendant, that the plaintiff is not entitled to the possession of the property described in the complaint, or to such part thereof as the defendant defends for, and the estate in such property or part thereof, or license, or right to the possession of either established on the trial by the defendant, if any, in effect as the same is required to be pleaded.
[46] See STOEBUCK, supra note 41, at 620 (RCW 7.28.140 "probably should be read to apply to juries in ejectment actions, where they were of course available at common law").
[47] Laws of 1890, ch. 72 § 1; Laws of 1911, ch. 83 § 1; RCW 7.28.010.
[48] See RCW 7.28.010.
[49] State v. Chapman, 140 Wash.2d 436, 450, 998 P.2d 282, cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000); Servais v. Port of Bellingham, 127 Wash.2d 820, 830, 904 P.2d 1124 (1995).
[50] RCW 1.08.015(2); Cossel v. Skagit County, 119 Wash.2d 434, 436 n. 1, 834 P.2d 609 (1992); State v. Cooley, 53 Wash.App. 163, 166, 765 P.2d 1327 (1989).
[51] See, e.g., Chaplin v. Sanders, 100 Wash.2d 853, 859-60, 676 P.2d 431 (1984).
[52] 16 RICHARD R. POWELL, POWELL ON REAL PROPERTY § 91.01(2), at 91-5 (Michael Allan Wolf ed., 2000).
[53] Professor Stoebuck states:

A person who is in "adverse possession" of another's land for the period of limitations on actions to recover land will acquire a new, original estate that is the same as the present possessory estate that existed when the adverse possession began. That present possessory estate is extinguished; it is not transferred to the adverse possessor.
17 WILLIAM STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 8.1, at 479 (1995). For purposes of this case, we need not consider whether Professor Powell or Professor Stoebuck is correct.
[54] RCW 7.28.010; see STOEBUCK, supra note 12, at 615 (there are "two principal Washington forms of action regarding land, ejectment and quiet title").
[55] STOEBUCK, supra note 12, at 486-87.
[56] 100 Wash.2d 853, 676 P.2d 431.
[57] Chaplin, 100 Wash.2d at 860, 676 P.2d 431. See also, 100 Wash.2d at 859, 676 P.2d 431.
[58] See STOEBUCK, supra note 53, at 480 ("Adverse possession speaks of a time of misty memory, in the dawn of English legal history, when our present concepts of title and possession were not clearly separated in thought.").
[59] See Chaplin, 100 Wash.2d at 854-55, 676 P.2d 431.
[60] As far as the Chaplin court's opinion shows, the case was tried to the bench without objection.
[61] Smith, 13 P. 717, 3 Wash. Terr. at 298-99; see also Carlson, 48 Wash. at 252, 93 P. 315.
[62] Finch v. Matthews, 74 Wash.2d 161, 166, 443 P.2d 833 (1968) ("This state is aligned with those jurisdictions which permit one who has only an equitable title to land to maintain an action to quiet title, even though out of possession."); Carlson, 48 Wash. at 252, 93 P. 315.
[63] Carlson, 48 Wash. at 252, 93 P. 315; Rohrer, 29 Wash. at 203, 69 P. 748.
[64] Brown, 94 Wash.2d at 367, 617 P.2d 704 (in a mixed-issue case, trial court has discretion to allow jury in "some, none, or all issues presented").
[65] CP at 11. The complaint's exact title was "COMPLAINT TO QUIET TITLE and APPROPRIATION OF GROUND AND SURFACE WATERS BY USE AND PRESCRIPTION and THE PROTECTION OF SAME." CP at 11.
[66] CP at 12.
[67] CP at 13.